## McCLUNG v. MURPHY AND SANSOM.

### February 24, 1838.

*Rule to show cause why the fieri facias should not be set aside, and defendant be permitted to enter security for a stay of execution.*

1. A judgment for want of an affidavit of defence, under the act of 28th March, 1835, is by default, and is final and not interlocutory, although the damages have not been assessed, both as regards *lien* and *execution*.

2. The thirty days during which security for a *cesset* may be entered under the act of 16th June, 1836, relating to executions, is to be computed from the date of the entry of judgment, and not from the date of the assessment of damages.

THIS was a summons, in which J. McClung was the plaintiff, and W. N. Murphy and Elizabeth Sansom were the defendants, to December term, 1837, 263.   December 23, 1837, judgment for want of an affidavit of defence, *sec. leg.*   December 27, 1837, damages assessed on a promissory note at 552 dollars, 88 cents.   Elizabeth Sansom, one of the defendants, died on the 26th December, 1837 ; which was after judgment, and before the assessment of damages.   A *fieri facias* was issued.   The surviving defendant obtained this rule to show cause why the *fieri facias* should not be set aside; and offered to enter security for stay of execution, being within 30 days from the date of the assessment of damages, but more than 30 days from the date of the judgment.

*Hirst*, for defendant, cited 1 *Penn. R.* 235, 246, 252; *Stroud's Purd. tit. Execution.*

*Haly*, contra, cited 2 *S. & R.* 142; 5 *Binn.* 58; 6 *S. & R.* 414; 1 *Watts* 54; 16 *S. & R.* 347.

---

[a] *Vide* Shipman *v.* Woodbury, *antè*, p. 67.

[*McClung v. Murphy and Sansom.*]

The opinion of the court was delivered by

PETTIT, *President.*—The defendant's counsel has contended,

1. That a judgment, for want of an affidavit of defence, is an interlocutory judgment, and does not entitle the plaintiff to execution, until assessment of damages.

2. That damages must be assessed against all the defendants.

3. That if any defendant dies before assessment, a *scire facias* must issue to the personal representatives of the deceased.

4. That any execution issued against a deceased party, is absolutely void.

5. That the time allowed by law, for the entry of bail, for stay of execution, must count from the date of assessment of damages.

The decision of the first point disposes of all the others.

The case brings into view the true character of the judgment under the second section of the act of 28th March, 1835.

The section is as follows:

"*Section 2d.* In all actions instituted in the said court, on bills, notes, bonds, or other instruments of writing, for the payment of money, and for the recovery of book debts; in all actions of *scire facias* on judgments, and on liens of mechanics and material men, under the act of seventeenth March, one thousand eight hundred and six, and the various supplements thereto, it shall be lawful for the plaintiff, on or at any time after the third Saturday, succeeding the several return days, hereinbefore designated, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence; stating therein the nature and character of the same: *Provided,* That in all such cases no judgment shall be entered by virtue of this section, unless the said plaintiff shall within two weeks after the return of the original process, file in the office of the Prothonotary of the Court, hereby erected, a copy of the instrument of writing, book entries, record or claim, on which action has been brought."

This enactment was, by the 11th section of the act of 11th March, 1836, extended to contracts for the loan or advance of money, where the plaintiff files an affidavit, setting forth the terms of said loan or advance, with the date thereof.

Though, in ordinary legal acceptation, the term "judgment by default" is applied only to a judgment suffered by the defendant; yet elementary writers recognize it as appropriate, wherever either party, at any stage of a cause, omits to pursue the regular

method, and thus admits himself unable to support the ordinary measures, of prosecution or defence.

Judgment by default against a defendant is said, in the books of practice, to go where the defendant appears, but says nothing in bar of the action, and then, it is by *nil dicit;* or where his attorney says he is not informed of any answer to be given thereto, and then it is by *non sum informatus;* and yet, for more than a century, it has been the practice in Pennsylvania, where a defendant, who has been duly served, does not appear, for the plaintiff to take a judgment by default; the act of 20th March, 1724, declaring that it shall and may be lawful for the plaintiff "to file a common appearance for the defendant so making default, and proceed to judgment and execution by *nihil dicit.*"

As the legislature had authorized a judgment in default of *actual* appearance, though they termed it a judgment by *nihil dicit,*—the technical difficulty being obviated by the filing of a common appearance,—so they have now authorized a judgment in default of an affidavit of defence, in certain clearly enumerated and well defined cases, without regard to the fact of appearance. This judgment is to be considered with reference to its substantial practical character.

It is said that it is but interlocutory, because it is a judgment by default.   Now a judgment by default against a defendant, is not always interlocutory; it is often final.   It is interlocutory and requires a writ of inquiry, only where the sum is uncertain. Where the sum is certain; or can be made so by mere calculation, the judgment is final.

By this test, the judgment under the act of assembly of 1835, would be deemed a final one.   The sum demanded must appear by the record before the judgment can be obtained.

In Pennsylvania these principles have been repeatedly recognized.   In Lewis *v.* Smith, 2 *Serg. & Raw.* 155, Chief Justice Tilghman says: "Where judgment is confessed, if the plaintiff's demand is in nature of a debt which may be ascertained by calculation, whether it arise on a note or other writing, or on an account, it is sufficient to enter judgment generally.   The judgment is supposed to be for the amount of damages laid in the declaration, and the execution issues accordingly.   But the plaintiff endorses on the execution the amount of the actual debt, and if the defendant complains that injustice has been done, the court

[McClung v. Murphy and Sansom.]

are always ready to give immediate and liberal relief on motion." In the Philadelphia Bank *v.* Craft, 16 *Serg. & Raw.* 347, it was ruled that a judgment by confession for debt or damages, uncertain in amount, without any statement of the cause of action, and without any declaration or document on the record or in the office, by which the amount can possibly be known, " was not a lien on land from the time of such confession, but was a lien from the ascertainment of the sum." The defect in the record of the judgment was exactly that which is supplied in regard to every judgment under the act of 1835. In the Commonwealth *v.* Baldwin, 1 *Watts* 54, which was an action of debt for a sum designated, there was a confession of judgment, " sum to be liquidated by attorneys." The two former cases were examined, and the judgment was held to be a final one, and a lien from its date, though there never was a liquidation of the amount.

It is true, that in each of these cases the judgment was by *confession,* and not by *default.* In Lewis *v.* Smith, 2 *Serg. & Rawle,* 161, Mr. Justice Yeates notices the distinction, and possibly is to be understood as intimating that different rules might be proper in the two cases. He however gives no decided opinion; while Chief Justice Gibson, in the Commonwealth *v.* Baldwin, 1 *Watts* 57, finds in the law of judgment by *default,* an illustration in support of the doctrine as to judgment by *confession,* and says, that a judgment by *default* in an action of debt for a penalty, which is never the real debt, is not to be treated as interlocutory, but that it binds the lands of the debtor.

Whether in any instance whatever of judgment by default, a different rule would be applicable, need not be determined, though I am not able to suggest any ground for the distinction. But looking to the statutory character of the judgment now in question, and to the requisition of an accurate statement of the cause of action and the sum demanded, it is thought to be plain, that whether in regard to the subject of *lien,* or to the subject of *execution,* the judgment is a *final* one.

In practice the assessment of damages is really the act of the plaintiff, though nominally that of the prothonotary. It is made without notice to the defendant, and has relation to the date of the judgment. The result is, that the execution was legally issued, and that the offer of security for a *cesset* was too late.

Rule discharged.