## Sellers *versus* Burk *et al.*

*Judgment for want of a plea is final, and a lien from date of entry, though no damages be assessed.—Practice as to judgment by default.*

1. A judgment for want of a plea is final and a lien upon real estate of the defendant from the date of the entry, though the damages may not be assessed, if the claim in the action be for a sum certain, or the amount may be ascertained by calculation from the demand set forth in the pleadings.

2. Where, in an action of *assumpsit* against an insurance company, upon a valued policy of insurance, in case of total destruction by fire of the vessel insured, the value being fixed in the policy and claimed in the declaration; judgment was taken for want of a plea, the judgment held final and a lien from its date, though the damages were not presently assessed.

3. Hence, title to a ground-rent, owned by the defendants at the date of the entry of the judgment, for want of a plea passed to a purchaser at sheriff's sale upon execution issued thereon.

ERROR to the Common Pleas of *Philadelphia*.

This was an action of covenant by James M. Sellers, the grantee (by virtue of a deed-poll of Robert Ewing, high sheriff of the county of Philadelphia,) of The Merchants' Insurance Company of the city of Philadelphia (which was the assignee of Charles Henry Fisher and wife); against John G. Burk.

[Sellers *v.* Burk *et al.*]

The plaintiff in his declaration recited the ownership by Charles Henry Fisher of certain real estate in Philadelphia; the conveyance thereof by said Fisher to the defendant on the 1st of March 1853, in fee, reserving a ground-rent of $84 payable semi-annually in January and July, and the possession of the defendant under this deed. He further averred, that the ground-rent so reserved had been on the 8th of December 1855 sold and conveyed by Fisher and wife to the Merchants' Insurance Company, their successors and assigns; that the defendant being so seized of the real estate, and the Merchants' Insurance Company of the ground-rent, the sheriff of Philadelphia by his deed conveyed said ground-rent to the plaintiff, his heirs and assigns.

He then averred performance on his part of all the matters and things in the said first-mentioned indenture, and the refusal of the defendant to pay the rent so as aforesaid reserved, &c.

To this declaration William Wimley, who was admitted to defend as terre-tenant, pleaded, that at the time of the recovery of the judgment under which the ground-rent had been sold to the plaintiff, the Merchants' Insurance Company had no estate or interest in the premises, having on the 2d of April 1859, by deed duly recorded June 30th 1855, conveyed to the Exchange Insurance Company, who, on the 25th of June 1859, conveyed to Charles McAllister, by whom it was conveyed to Ann Woodward, with whom it remained.

The plaintiff in his replication admitted the conveyances under which Ann Woodward claimed, but denied the allegation in defendant's plea that the judgment against The Merchants' Insurance Company, under which the ground-rent was sold, was not a lien at the time of the sale, averring that the said judgment was duly obtained on the 30th of November 1858, at the suit of Charles W. Howland, and was a lien at the time, &c., to which the terre-tenant rejoined *nul tiel* record, on which the plaintiff joined issue. The record showed the institution of a suit July 3d 1858, by Charles W. Howland against the Merchants' Insurance Company, the filing of a declaration, November 20th 1858, on a valued policy of insurance, averring a total loss by fire while the vessel was in harbour, and an adjustment; to which were added the common money counts. The subsequent proceedings in that suit were as follows:—

"November 30th, 1858, affidavit of service of notice and *narr.* filed. November 30th 1858, by order of plaintiff's attorney, judgment for want of a plea. December 6th 1858, plea filed. December 15th 1858, rule why judgment in default of a plea should not be opened and defendants let into a defence. Proceeding to stay. December 18th 1858, rule dismissed. December 18th 1858, writ of inquiry of damages, exit returnable first Monday, January. December 21st 1858, rule why judgment

taken in default of a plea should not be opened and defendants let into a defence. *Eo die*, affidavit filed. January 8th 1859, rule absolute on payment of costs by defendants. January 12th 1859, replication filed. April 6th 1859, interrogatories and rule for comm. to New Orleans, Louisiana, filed. April 20th 1859, cross-interrogatories filed. May 6th 1859, comm. exit. November 23d 1860, jury called. November 26th 1860, verdict for plaintiff for $1724.50. November 30th 1860, motion for a rule for a new trial. *Eo die*, reasons filed. December 7th 1860, rule refused. December 10th 1860, jury fee paid. *Eo die*, judgment.

"June 6th 1861, by order of plaintiff's attorney filed, this judgment is marked to the use of James M. Sellers. Prothonotary paid. *Fi. fa.* J. T. 1861, 567. Paid for writ of inquiry $3.75, by defendants, January 29th 1859. September 18th 1863, writ of inquiry for damages, &c., returned and filed, and damages assessed by sheriff's jury on the 31st day of December 1858, at $1545."

The court below, on hearing this case, entered judgment for the defendant; which was the error assigned.

*John C. Knox, Charles Gilpin,* and *David Webster,* for plaintiffs.—Whether the judgment by default was a lien upon real estate from the date of its entry, depends upon its character. Was it an interlocutory or final judgment? For the plaintiff in error, it is contended that it was a final judgment.

The action was upon a policy of insurance of a part of a vessel, valued in the policy at $1500. The loss was a total one, and the policy declared upon contained a stipulation, "that in case a total loss should be claimed for or on account of any damage or charge to the said vessel, the only basis for ascertaining her value should be her valuation in the said policy; consequently, the demand of the plaintiff, as set forth in the special count of the declaration, was for a sum easily to be ascertained by calculation.

The following authorities were relied upon by the counsel for the plaintiff in error, to establish the position that this was a final judgment, and consequently a lien from the date of its entry: Lewis *v.* Smith, 2 S. & R. 142; Commonwealth *v.* Baldwin, 1 Watts 54; Arrison *v.* The Commonwealth, Id. 374; Whitesides *v.* Russell, 8 W. & S. 44; Gray *v.* Coulter, 4 Barr 188. Also McClury *v.* Murphy, 2 Miles 177; Hays *v.* Tryon, Id. 208.

Under these authorities they contended that the rule in this state is, that a general judgment by confession, by default, for want of an appearance, an affidavit of defence or a plea, is a lien upon real estate upon its entry, although the damages may not be

[Sellers *v.* Burk *et al.*]

assessed, if the amount thereof appear upon the record, or may be ascertained by calculation from the claim or demand as set forth in the pleadings.

In the case under consideration the exact amount of the claim appeared in the special count, which set forth the plaintiff's demand at length. The addition of the common counts was merely formal, and it is suggested does not in any wise affect the character of the judgment, nor can the fact that the plaintiff's counsel procured a writ of inquiry to be issued, change the judgment from a final to an interlocutory one. If it was final when it was entered, it did not cease to be so upon the issuing of a writ of inquiry, nearly a month subsequent to its entry.

*McMurtrie*, for defendant.—The judgment for Howland was entered for default of a plea on all the counts, and a writ of inquiry of damages issued. The defendants then, by leave of the court, pleaded, and the cause proceeded to trial in the usual way. There is nothing in the record to show a recovery was had for a cause of action in any one particular count. Before verdict, defendants sold and-conveyed the rents in question. Did the purchaser buy subject to the lien of a judgment in this case—the writ of inquiry not having been returned till after judgment on the verdict, which was for a different sum?

The propositions of plaintiff are, 1. That the judgment for want of a plea is a final judgment, and a lien before assessment of damages, because one of the counts was for liquidated damages, or a sum certain.

2. That it is immaterial whether the plaintiff has said upon the record that he has claims which he seeks to recover under the common counts; and equally so if, after he has entered his judgment, he applies for and obtains a writ to enable him to have an assessment of damages, in which writ it is recited that inasmuch as there is nothing on the record to enable the court to say how much the plaintiff ought to recover, therefore they direct a jury to be summoned for that purpose. And,

3. That these facts are so immaterial that a purchaser relying on the record as negativing the existence of a lien has, in fact, purchased the estate charged with a lien.

The points in support of this, for which authorities are cited, are,—

1. The judgment by default for want of a plea is a final judgment.

2. That the existence of a special count is a negation of any cause of action being claimed under the common counts.

3. If one of the counts sets forth a certain sum as that claimed to be recovered under it, which could be ascertained by calculation, a judgment by default is final.

[Sellers *v.* Burk *et al.*]

The authorities do not bear out the propositions of the plaintiff. The rule in Pennsylvania is no more than this :—

1. If a party confesses judgment, that judgment is for the amount named in the declaration or confession, and is a lien and security (for whatever may be found ultimately due), if the parties intend subsequently to ascertain the amount.

2. If there be a judgment entered, and it appears on the record that it was founded upon a claim for liquidated damages which could be rendered final by an act of the attorney or prothonotary, inasmuch as this appears on the record, the judgment is deemed a final one.

In Lewis *v.* Smith a judgment was confessed generally, and it was revived by *scire facias*, and an execution was levied. The only question was, whether a third person, long after the levy, could avoid the execution on the ground of a want of a judgment to support it.

It was sustained on the ground of intention to make the judgment final, and on no other ground.

1. Because, by the act of confessing, it was plain the parties meant that there should be a lien—a security from that time, and by agreeing for a stay of execution, which presupposed a right to issue execution.

2. Because they had put their agreement on the record by issuing a *sci. fa.* to revive, which recited a judgment for a sum certain ; and confessing judgment, which was nugatory, if there were no final judgment.

3. Because the defendant had made no objection to the execution, and it was not for a third person to avoid that on such a ground.

Commonwealth *v.* Baldwin was a judgment confessed on a penal bond, and it was put on that ground. Such a judgment is always final, and a lien to secure whatever may be due. The endorsement on the execution limits the amount. No other judgment can be entered on such an instrument : Dyott's Estate, 2 W. & S. 449.

Arrison *v.* The Commonwealth was also a judgment on a bond, and because that is the amount secured by the judgment, it was held a lien from that time. Whitesides *v.* Russell merely decides that a case stated must furnish means for entering the amount to be recovered, or it is so defective as to be void, and a *procedendo* must be awarded.

Gray *v.* Coulter was like Lewis *v.* Smith. The judgment was in debt for a sum certain after plea filed, and therefore by confession or verdict. The other cases are where the cause of action required an affidavit of defence. In all these cases the law requires an instrument, or its equivalent for a sum certain.

Does a single authority say that a judgment by default, for

want of a plea, in an action on the case, is a final judgment? On the contrary, all agree that it is interlocutory. The rule is settled that, on judgments by default, unless the claim be a liquidated one, and the damages a mere matter of calculation, there must be a jury.

The practice of referring to the prothonotary is confined to actions on bills and notes, &c. (Bell *v.* Bell, 9 Watts 47), *i. e.*, a debt to be ascertained from data on the record, with interest added. So our books of practice. A judgment by default is interlocutory in *assumpsit*, covenant, case, and replevin, where the sole object of the action is damages: 1 Tr. & Haley 338.

Where the computation is not a mere matter of calculation, the court will not thus refer it, but will put the plaintiff to sue out his writ of inquiry: 1 Tr. & Haley 355. Judgment by default in foreign attachment, if in debt, is final; if in case interlocutory, and a writ of inquiry issues to ascertain the amount. Sergt. on Att. 20.

Where there are common counts added to a count on a note, and judgment is entered by default, if it is desired to assess damages before the prothonotary, a *nol. pros.* must be previously entered on the common counts: 3 Chitty's General Practice 681. Even on a bill of exchange, if the court are satisfied there is a fair question as to the amount due, they will leave the plaintiff to a writ of inquiry: Id. 682.

How could the prothonotary have docketed this judgment, or how could the defendants have sued out a writ of error? No judgment can be final on which a writ of error will not lie: Logan *v.* Jennings, 4 Rawle 355.

The opinion of the court was delivered, May 4th 1864, by

READ, J.—The question in this case is, whether the judgment for want of a plea in Howland *v.* The Merchants' Insurance Company, was interlocutory or final. Under our short method of pleading and entering judgments, it becomes necessary in determining this point, to examine into the various kinds of judgments, and particularly those by default.

By the Act of March 20th 1724-5, upon the return of the writ of summons, if the defendant has been served ten days, and the plaintiff had filed his declaration in the office of the prothonotary, within the space of five days, before the court to which such writ is returnable, it shall be lawful to and for the plaintiff in such action to file a common appearance for the defendant so making default, and proceed to judgment and execution by *nihil dicit*. It has not been the practice under this act to enter an appearance for the defendant, and take judgment by *nihil dicit*, but to enter judgment by default, nor has it been usual to file a declaration before the return of the writ; but to take judgment

[Sellers *v.* Burk *et al.*]

after the declaration is filed, and the defendant has made default by not appearing.

This act, *so construed*, has been re-enacted in the revised act of June 13th 1836, except as to the time of filing the *narr*.

On the 11th of September 1795, the attorneys of the Supreme Court signed an agreement that they would confess judgment, unless the defendant made an affidavit of defence, which was enforced by the court, except against two of the bar who refused to sign it, and who never *gave* or *took* any judgment under it. The 20th rule established by the justices of the Supreme Court, for regulating the practice of the Supreme and Circuit Courts, in 1799, allowed the plaintiff to direct judgment *of course*, to be entered at the third term of the Supreme Court, unless the defendant had previously filed an affidavit of defence. A similar rule was made by the Court of Common Pleas of Philadelphia county, which was sustained by the Supreme Court in Vanatta *v.* Anderson, 3 Binn. 417. The District Court for the city and county of Philadelphia adopted a rule of a similar, but more stringent character, by which the plaintiff was allowed to direct judgment by default, to be entered of course in the prothonotary's office at any time after the third Monday of the next succeeding term, to which the process issued is returnable, unless an affidavit of defence shall have been previously filed in the office ; but the plaintiff must have filed a declaration on or before the third day of the term to which the process issued is returnable. This rule does not appear in the last printed rules of the court, but upon failure to comply with a rule to plead, a judgment, in the nature of a judgment by default, may be entered. The provisions of the second section of the Act of March 28th 1835, and of the 14th section of the Act of March 11th 1836, which have been extended to the Court of Nisi Prius, and to the Court of Common Pleas for the county of Philadelphia, giving power to the courts in this county to enter judgments by default, for want of an affidavit of defence, in certain specified cases, have in a great measure superseded all former rules on the subject.

In 1838 the District Court made two decisions of great importance, which have always been regarded as sound law. In McClung *v.* Murphy, 2 Miles 177, the court decided, President Pettit delivering the opinion, that a judgment for want of an affidavit of defence, by default under the Act of March 28th 1835, is final and not interlocutory, although the damages have not been assessed—both as regards lien and execution. And in Hays *v.* Tryon, Id. 208, it was held, that a judgment by default for want of an appearance, where a *narr*. and statement of the plaintiff's claim is filed, although no damages have been assessed, is a final judgment and a lien on real estate. Judge Pettit says,

[Sellers *v.* Burk *et al.*]

Id. 179, " Now a judgment by default against a defendant is not always interlocutory; it is often final. It is interlocutory, and requires a writ of inquiry, only where the sum is uncertain. When the sum is certain, *or can be made so by mere calculation, the judgment is final.*" This is the true test, and this is the general principle announced by this court in Lewis *v.* Smith, 2 S. & R. 155, and in Commonwealth *v.* Baldwin, 1 Watts 57, although applied in those cases to judgments confessed.

In Watkins *v.* Phillips, 2 Whart. 209, which was an action of covenant on a ground-rent deed, for non-payment of ground-rent, Judge Rogers had previously expressed himself in favour of the same doctrine—" And it has been the practice," said he, " instead of executing a writ of inquiry, and without any previous application to the court, in actions on promissory notes, bills of exchange, covenants for the payment of a sum certain, or on an award, and indeed in all cases where the court have nothing more to do than to calculate the interest upon a sum previously ascertained and fixed, to refer the assessment to the prothonotary." In the three editions of Troubat & Haly's ·Practice, of 1825, 1837, and 1853, it is said, " the case of Lewis *v.* Smith, before quoted, confirms another mode of practice, highly convenient, which, although founded on a judgment *confessed*, may be extended, it is apprehended, to all judgments by default, which are themselves *implied* confessions of judgments."

In the case before us, the action against the Merchants' Insurance Company was *assumpsit* upon a valued policy of insurance on one thirty-second of the ship Diamond State. The vessel was totally destroyed by fire, and the value fixed in the policy and claimed in the declaration was $1500. There was, therefore, a fixed liquidated sum claimed in the *narr.*, and virtually confessed by the default in not pleading, for which judgment was entered in favour of the plaintiff in our short form. The only objection to this is, that there were added to the first count in the declaration, the common short printed counts for goods bargained and sold, work done and materials furnished, money lent, money paid, money had and received, account stated and for interest, all in the nominal sum of $50,000. If the judgment had been entered by *nil dicit*, according to the English form, there would have been a formal remission of the damages in all the common counts, and the judgment would have been prayed for and entered on the first count for the damages assessed by the court. In our judgment shortly entered, this is included, and is supposed to be done, for it would so appear if the judgment were formally drawn out.

By the English Common Law Procedure Act, 1852, § 93: " In actions where the plaintiff seeks to recover a debt or liquidated demand in money, judgment by default shall be final." It

[Sellers *v.* Burk *et al.*]

is clear, therefore, that in this state by practice and custom, and in England by statute, the courts are arriving at the same result, rendering judgments final wherever the demands are liquidated, and not merely sounding in damages. The judgment we are asked to sustain is usual in the interior of the state, and it would cause great confusion and difficulty if we were to declare it only interlocutory. We are therefore of opinion that the judgment against the Merchants' Insurance Company was a final one, and a lien from its date upon the ground-rents then owned by the company, and that the sale under proceedings in that suit passed a good title to the purchaser, James M. Sellers, in fee simple of the ground-rent of $84, for the recovery of the arrears of which the present action was brought.

　　　　　　The judgment of the Common Pleas is therefore reversed, and judgment entered for the plaintiff.