## Clark *versus* Dotter.

1. The copy of the claim, filed under the Affidavit of Defence Law, stands instead of a declaration.

2. If the copy is duly filed, it is immaterial whether the defendant appears or not; if the defendant does not file an affidavit of defence, the plaintiff is entitled to judgment.

February 4th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an action of assumpsit on a due-bill, commenced March 29th 1866, returnable the first Monday in April; the writ was returned "served." A copy of the due-bill was filed with the præcipe, but no declaration or other statement. There was no appearance for the defendant, nor any affidavit of defence. Judgment was taken, April 21st 1866, for want of an affidavit of defence, for $186.90.

The defendant took a writ of error, and assigned for error—

1. Entering judgment for the plaintiff, there being no declaration or statement filed, as required by the statute.

2. Entering judgment for plaintiff for want of an affidavit of defence, there having been no appearance on the part of the defendant.

*G. Bull*, for plaintiff in error, cited Act of March 21st 1806, § 5, Purd. 805, pl. 14–16; 4 Sm. L. 328; Foreman *v.* McFerrin, 13 S. & R. 291; Foreman *v.* Schricon, 8 W. & S. 43; Acts of June 13th 1836, §§ 33, 34, Purd. 32, pl. 14, 15, Pamph. L. 579; March 28th 1835, § 2, Purd. 337, pl. 8, Pamph. L. 89; Hersch *v.* Groff, 2 W. & S. 449; Frank *v.* Maguire, 6 Wright 81; Pontius *v.* Nesbit, 4 Id. 309.

*L. Stover*, for defendant in error, cited Neil *v.* Tate, 3 Casey 208; United States Bank *v.* Thayer, 2 W. & S. 447; Miner *v.* Graham, 12 Harris 494.

*Bull*, in reply, cited Davis *v.* McGrath, 10 Barr 170.

The opinion of the court was delivered, February 14th 1867, by READ, J.—Judgments by default for want of an appearance could always be taken under the Act of March 20th 1724–5, which act, as construed in practice, has been re-enacted in the revised Act of June 13th 1836, except as to the time of filing the *narr.* We have sketched the history of the Affidavit of Defence Law of 26th March 1835, and the practice under it in the District Court for the city and county of Philadelphia, established by that act, in Sellers *v.* Burk, 11 Wright

[Clark *v*. Dotter.]

344. This act provided for taking judgment by default on certain instruments of writing for the payment of money on or at any time after the third Saturday succeeding the return-day of the writ, notwithstanding an appearance by attorney, if the plaintiff shall, within two weeks after the return of the original process, file in the office of the prothonotary of the court a copy of the instrument of writing, book entries, record or claim on which the action has been brought.

The copy thus filed is made to stand instead of a *narr.*, and is infinitely more satisfactory, as it shows exactly the nature of the demand of the plaintiff, and it is immaterial whether the defendant appears or not, for if he does not file an affidavit of defence the plaintiff is entitled to judgment for want of an affidavit of defence. This is common sense, and the reading of the act as declared by Judge Pettit twenty-nine years ago, and I have the authority of the present learned president of that court for saying that this has been their invariable practice. My own recollection was the same, and such I understand to be that of the bar, but I thought it best to have the inquiry made of the head of that learned tribunal. The same act has been extended to the Nisi Prius, and it is therefore important to settle a doubt, although I had never heard it expressed before. This judgment (although there was no appearance) for want of an affidavit of defence is perfectly good.

Judgment affirmed.