# Reeves's Appeal.

*Poor law—Germantown poor district—Acts of April* 6, 1802, 3 *Sm. L.* 512—*March* 31, 1809, 5 *Sm. L.* 50—*June* 20, 1839, *P. L.* 337 *and May* 1, 1861, *P. L.* 590—*Appeals—Auditors.*

The act of March 31, 1809, 5 Sm. L. 50, relating to the accounts of the managers of relief and employment of the poor for the township of Germantown, was superseded by the Act of June 20, 1839, P. L. 337.

By the latter act the managers have implied power to pay the tax collector on final settlement, and when they have done so, and their accounts have been settled by the auditors provided by the Act of May 1, 1861, P. L. 590, no right of appeal exists, and the action of the auditors cannot be reviewed by the common pleas on appeal.

Parts of statutes omitted from a revision are to be considered as annulled, and are not to be revived by construction.

Usage under a statute may be considered as an argument as to the construction of the statute.

The auditors of the Germantown poor district are not township auditors, and hence the Act of May 11, 1901, P. L. 185, is not applicable to sustain an appeal from their action.

Argued Oct. 11, 1906.   Appeal, No. 192, Oct. T., 1906, by Francis B. Reeves, from order of C. P. No. 1, Phila. Co., March T., 1906, No. 1, discharging rule to show cause why appeal should not be sustained in case of Francis B. Reeves from Audit of Accounts of " Managers for the Relief and Employment of the Poor of the Township of Germantown. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Appeal from audit of accounts of managers for the relief and employment of the poor of the township of Germantown.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Paul Reilly*, for appellant.—The act of 1839 did not repeal the act of 1809 : Hickory Tree Road, 43 Pa. 139 ; Street v. Com., 6 W. & S. 209 ; Hanover Borough's App., 150 Pa. 202 ; Fransen's Will, 26 Pa. 202 ; Com. v. Lloyd, 2 Pa. Superior Ct. 6 ; Brown's Est., 152 Pa. 401 ; James v. Com., 12 S. & R. 220 ; Com. v. Vetterlein, 21 Pa. Superior Ct. 587.

The effect of the alleged acquiescence in the violation of the statute is not such as will abrogate it: Kitchen v. Smith, 101 Pa. 452; Homer v. Com., 106 Pa. 221; Glancey v. Jones, 4 Yeates, 212; Bradbury v. Wagenhorst, 54 Pa. 180; Lutz's case, 8 Pa. C. C. Rep. 133; Wright v. Crane, 13 S. & R. 447.

*Owen B. Jenkins*, for appellees.—The auditors are not township auditors : Gangewere's case, 61 Pa. 342.

The limitation on the tax collector's commission was never meant to be revived.  The managers had express power to pay the tax collector under the act of 1839.  If the appellees were in error the conduct of the community has made their error right: Steiner v. Coxe, 4 Pa. 13; Graham's App., 1 Dallas, 136; French v. Cowan, 4 New Eng. Repr. 682; Davey v. Turner, 1 Dallas, 11; Lloyd v. Taylor, 1 Dallas, 17; Wartman v. Phila., 33 Pa. 202; Clark v. Dotter, 54 Pa. 215.

OPINION BY MORRISON, J., March 5, 1907:

The managers of the poor of Germantown having settled with their collector and allowed him more than five per cent for his services, and their accounts having been settled by the auditors of said poor district, Francis B. Reeves, a taxpayer, filed his appeal from the audit and procured a rule on the managers to show cause why his appeal should not be sustained.  Upon answer and argument the learned, court below refused to sustain the appeal, saying: " The act of 1839 was a new charter for the board of managers, etc., and supplied the machinery for the collection of poor taxes in Germantown and fixed the duties and powers of the board and its officers.  The board then had the right to fix compensation of the collector.  It is not limited to the five per cent fixed by the act of 1809.  The rule is therefore discharged."

The learned counsel for the appellant says : " The exact point involved was whether the managers had the right to pay more than five per cent to the tax collector for the collection of poor taxes."

Another important point is, we think, whether there is any appeal from the settlement of these accounts by the auditors. The assignments of error raise the questions above indicated.

The theory of the counsel for appellant is as follows : By the act of April 6, 1802, sec. 4, 3 Smith's Laws, 512, auditors are authorized to be elected to audit the accounts of supervisors of the public highways.  By the act of March 31, 1809, sec. 8, 5 Smith's Laws, 50, the accounts of the managers of the poor of Germantown were directed to be settled by the auditors chosen to settle the accounts of supervisors of the highways. By the act of February 25, 1814, 6 Smith's Laws, 115, the provision of the act of 1809, concerning the audit of the manager's

accounts, is made perpetual.   The general Act of April 15, 1834,
sec. 102, P. L. 537, provides for the auditing of supervisors',
treasurers', and such other accounts of the townships as may
by law be referred to the auditors.   This act allows an appeal
by the township and by the officer whose accounts are settled,
to the court of common pleas.   By the acts of 1802, 1809, 1814
and 1834 the auditors appear to be required to audit the ac-
counts of the managers of said poor district.   By the Act of
February 2, 1854, P. L. 21, it being a further supplement to
an act to incorporate the city of Philadelphia, it is provided
(sec. 18, p. 33) : The existing arrangements for the support of
the poor in Germantown are continued in force.   This appears
to continue the audit of the manager's accounts by township
auditors, which by act of 1834, supra, were increased to nine,
instead of three as theretofore.   By the act of March 31, 1809,
supra, the commission to the tax collector was limited to five
per cent on sums actually collected by him.   We think it may
be conceded that, so far, the accounts of the managers of the
poor were required to be audited by the so-called township
auditors, and that the commission of the tax collector was
limited to five per cent.

We now come to an act entitled : " For the better regulation
and employment of the poor of the township of Germantown,
in the county of Philadelphia," approved June 20, 1839, P. L.
337.   This act is not a supplement nor is it an amendment to
any prior act or acts in regard to the management of the poor
in Germantown.   It appears to have been designed to take the
place of former legislation upon its subject, and to provide a
complete system for the election of managers, and care of the
poor in said district.   It empowers the managers to appoint a
collector, prescribes his duties and authorizes the managers to
settle with the collector, granting them full power to make
such final settlement and, we think, the general scope of the
act empowers the managers to allow reasonable compensation
to the collector.

It may be assumed that the auditors of said poor district are
authorized and required to audit the accounts of the managers
thereof, but nowhere do we find any provision of law, either
limiting the commission to be allowed to the collector, since
the act of 1839, or providing for an appeal from the auditor's

settlement.    The Act of May 1, 1861, P. L. 590, provides:
" That the qualified voters residing within the bounds of the
late township of Germantown, county of Philadelphia, shall
elect, at the next election for city officers, nine citizens, three
of whom shall be elected to serve one year, three for two years,
three for three years, as managers of the poor for the late town-
ship of Germantown; they shall also elect nine citizens, three
of whom shall be elected for one year, three for two years, three
for three years, as auditors, at the next election held for city
officers, and annually thereafter the qualified voters of said
township shall elect three citizens to serve as managers of the
poor and three citizens to serve as auditors for three years."

We have here a plain legislative intention that the managers
and auditors were to be elected at the city election, and it is
clear that their duties related exclusively to the management
and settlement of the business of the poor district of German-
town.    These auditors are in no sense township auditors be-
cause since the act of February 2, 1854, supra, the late town-
ship of Germantown has been a part of the city of Philadelphia,
and there was no business left for township auditors to perform,
for the simple reason that no township organization was or
could be maintained.    What does this indicate ?    It seems to
us quite clear that the legislation shows an intent to maintain
the board of managers of the poor in Germantown and a board
of nine auditors to settle and adjust the accounts of said man-
agers, and there being no appeal provided for in the act of 1839,
or any subsequent act, and no limitation fixed as to the com-
pensation of the collector, we reach the conclusion that the
learned court did not err in the decree above quoted, refusing
to entertain the appeal in this case.    Our conclusion rests
mainly upon the effect of the acts of 1839 and 1861, supra.

We think the act of 1809 was supplied by the act of 1839,
which revised the whole subject-matter of the management of
the poor of Germantown township, and that the latter act was in-
tended as a substitute for the former.    An examination of the
two acts indicates that the framer of the latter act had the for-
mer before him, as in many instances he seems to have followed
the provisions of the act of 1809 ; therefore, when he omitted
from the act of 1839, limitation as to the tax collector's commis-
sion and provisions for an appeal from the auditor's settlement,

we are not warranted in assuming a legislative intent that the older acts should stand as to these provisions. The acts of 1809 and 1839 are special, and they deal with a special topic. If the legislature intended to keep alive any provisions of law in the prior acts it is reasonable to suppose that such provisions would have been referred to in the act of 1839.

The later act works an implied repeal in all cases in which a general revision of the old law is made by the legislature with an intent to substitute the new legislation for the old: Endlich on Interpretation of Statutes, sec. 202, p. 271.

When two statutes relating to mechanics' liens differed in the details of their legislation, and the one last passed covered the entire subject-matter, it was held that the later act must be held to impliedly repeal the earlier.

" It has been said that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former: " Johnston's Est., 33 Pa. 511.

" The general rule seems to be that . . . . parts of statutes omitted from a revision are to be considered as annulled, and are not to be revived by construction : " Endlich on Interpretation of Statutes, sec. 202, p. 272.

"Such an omission, which cannot of course be supposed to have been unintentional, is, in general, to be regarded as a repeal of the omitted acts or provisions, and the courts are not at liberty to revive them by construction :" Endlich on Interpretation of Statutes, sec. 384, p. 537.

By the act of 1839 the managers have implied power to pay the tax collector on final settlement. In our opinion, when they have settled with the tax collector and paid him, and their accounts have been settled by the auditors, provided by the act of 1861, no right of appeal exists, and the action of the auditors cannot be reviewed by the common pleas on appeal. It should not be overlooked that the acts of 1809 and 1839 are special legislation, and it is unreasonable to suppose that anything was left out of the revising act of 1839 which the legislature intended to regulate and control this rather anomalous poor district.

In construing the act of 1839, as a complete act covering the

subject-matter, it is not important that there is no limitation therein as to collector's commission and no right of appeal.  It is not the first time, by any means, that a board of auditors' settlement of accounts in Pennsylvania has been final and conclusive.    It may be presumed that the legislature purposely left the amount of the collector's commission to the judgment of the nine managers.

In addition it is argued, and not denied, that the poor board of Germantown has been allowing its collectors more than five per cent commission for a period of about twenty-five years. This may be considered as of some weight in construing the act of 1839.

" It often becomes, therefore, natural to inquire what has been done under an act ; this being of more or less cogency according to the circumstances, for determining the meaning given by contemporaneous exposition : " Endlich on Interpretation of Statutes, sec. 357, p. 501 ; also sec. 358, p. 502.

Evidence of a custom may be received, not as a custom binding above the statutes, but as an argument for their construction : " Steiner v. Coxe, 4 Pa. 13.

" After a uniform construction has been given to the law, for nearly half a century, by all the parties interested, and, among others, by the present plaintiffs themselves, it is too late to expect that we will give another : " BLACK, C. J., in Wartman et al. v. City of Philadelphia, 33 Pa. 202 (see p. 211).

As to the interpretation of a statute by usage, see Clark v. Dotter, 54 Pa. 215.

We have omitted to refer to the Act of May 11, 1901, P. L. 185, cited by counsel for appellant to sustain this appeal.    That act sustains the appeal to this court, on the exception granted and filed in the court below, provided the appellant was entitled to his appeal to the common pleas.    That act only applies to appeals from county, borough and township auditors. If we are correct in holding that the auditors of the Germantown poor district are not township auditors, then the act has no application.    The counsel also cites the Act of May 1, 1876, P. L. 88, but it is a supplement to the Act of April 14, 1851, P. L. 612, and it allows a taxpayer to appeal in accordance with the 104th section of the act of April 15, 1834.    And the latter act applies, section 104, to appeals from settlements

of township auditors. The above acts do not convince us that the taxpayer in the present case had a right to appeal to the court of common pleas, from the settlement by the auditors of the Germantown poor district.

We are of the opinion that the learned court did not err in refusing to entertain the appeal from the auditor's settlement. If the taxpayers of the poor district are not satisfied to have the accounts of the managers finally settled by the auditors, they can apply to the legislature for relief.

The assignments of error are dismissed, and the decree affirmed at the costs of Francis B. Reeves.