In re Charles E. ASHE and Susan J. Ashe, husband and wife, Debtors.

The Commonwealth National Bank, Objector,

United States of America, Intervenor.

Bankruptcy No. 1-79-00882.

United States Bankruptcy Court, M. D. Pennsylvania.

March 11, 1981.

Leonard Tintner, Harrisburg, Pa., for Charles and Susan Ashe.

Jeannine Turgeon, Ralph W. Boyles, Jr., Harrisburg, Pa., for Commonwealth National Bank.

John C. Morland, Dept. of Justice, Washington, D. C., for United States.

## MEMORANDUM AND ORDER

## AVOIDING LIEN

THOMAS WOOD, Bankruptcy Judge.

This proceeding presents the issue of the constitutionality of retroactive application of section 522(f)(1) of the Bankruptcy Reform Act of 1978 (the Code) to a Pennsylvania judgment lien obtained by confession of judgment on a promissory note received from the debtors in a commercial loan transaction.

The transaction and the entry of judgment occurred on December 26, 1973. Upon entry of the judgment, Commonwealth National Bank (the Bank) automatically obtained a lien on debtors' residential real estate. *Clark v. Dotter*, 54 Pa. 215 (1867); *Sellers v. Burk*, 47 Pa. 344 (1864). Act of July 3, 1947, P.L. 1234, § 2, 12 P.S. § 878 (current version at 42 Pa.C.S.A. 4303 (1976)). It was the only real estate the debtors owned at the time. The debtors filed a bankruptcy petition on October 10, 1979. They claim a $15,000 exemption in their residential real estate under section 522(d)(1) of the Code. Due to the fact that the Bank's judgment lien impairs the debtors' exemption, debtors seek to avoid the fixing of the lien pursuant to section 522(f)(1), which provides as follows:

(f) Not withstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (1) a judicial lien; . . . .

The issue of avoidance is not raised in the pleadings, but counsel have agreed that it be determined at this juncture, in order to expedite resolution.

The Bank objects to avoidance of its lien for two reasons. First, it argues that its lien is not a judicial lien. Second, it argues that, if the lien is a judicial lien, avoidance is dependent on retroactive application of the Code and that such application violates the Fifth Amendment of the Constitution by depriving the Bank of a property right without substantive due process of law.

### NATURE OF LIEN

The threshold question is the nature of the lien involved. The Bank's position is that the lien is a security interest, or a statutory lien. It has been determined in this District and elsewhere in Pennsylvania that a lien obtained by confession of judgment is a judicial lien. *In re Smith*, Bk No. 5-80-00081 (M.D.Pa.Bk Ct., Dec. 10, 1980); *In re Eminhizer*, Adv.No. 1-80-0050 (M.D. Pa.Bk Ct., July 8, 1980); *In re Natale*, 5 B.R. 454 (E.D.Pa.Bkrtcy.1980); *see also*, 4 *Collier on Bankruptcy* 116, § 67.08, ftnt. 1 (14th ed. 1978). Being a judicial lien, it is subject to avoidance, provided that avoidance is not constitutionally proscribed.

### AVOIDANCE OF PRE–CODE LIEN

The Bankruptcy powers of Congress are established in the Constitution. U.S.Const., Art. I, § 8. However, they are not unfettered. Where property rights are involved, the exercise of the Congress' power to legislate in the field of Bankruptcy is subject to a limitation imposed by the Fifth Amendment which provides that "No person . . . shall be . . . deprived of life, liberty, or property, without due process of law. . . ." Specific property rights held prior to legislative enactment may not be taken without just compensation. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Ginsberg v. Lindel*, 107 F.2d 721 (8th Cir. 1939). See also, 8 C.J.S. Bankruptcy § 5.

The crucial question remains: Is the Bank's lien within the scope of the protection established by *Radford*? In the resolution of this question every presumption of

constitutionality to which the statute is susceptible should be applied, for the presumption of constitutionality is a strong one. *U. S. v. DiRe*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

The general issue which confronts us was determined in another bankruptcy court recently in the case *In re Oldham*, 7 B.R. 124 (Bkrtcy.N.M.1980), decided November 19, 1980. There the Court held that retroactive application of the lien avoidance provision of the Code is unconstitutional in that it deprives holders of liens created before the Code's enactment date of their property without due process. In discussing the constitutionality issue, the Court relied on *Radford* and the recent cases of *In re Hoops*, 3 B.R. 635 (Bkrtcy.Colo.1980) and *Rodrock v. Security Industrial Bank*, 3 B.R. 629 (Bkrtcy.Colo.1980). The Court concluded that "the directive of *Radford* is inescapable: the bankruptcy power of Congress is subject to the Fifth Amendment, and bankruptcy legislation which substantially impairs pre-existing security interests is unconstitutional."

We consider that the ruling of *Radford* is firmly entrenched, but there is a significant difference between the property interest in *Radford* and the lien here involved. In *Radford*, the creditor held a mortgage. The creditor's interest was an actual property right at its inception; it was both choate and specific upon the execution of the mortgage.

In contrast, the Bank's lien in the case before us is general and non-specific. Under Pennsylvania law:

> ... a judgment is a general and not a specific lien. If there be personal property of the debtor it is to be satisfied out of that. If not it is a lien on all his real estate without discrimination. Hence, the creditor is not interested in the property as property, but only in his lien.

*Grevemeyer v. Southern Mutual Fire Insurance Co.*, 62 Pa. 340 (1867). The Bank did not obtain either a legal or an equitable right in the debtors' residence at the inception of the transaction with the debtors. It obtained a judgment which established a lien on whatever real property the judgment debtor had at the time of judgment entry. Furthermore, contrary to its claim, the Bank did not obtain a security interest. The Code defines a security interest as "... a lien created by agreement." Sec. 101(37). The Bank's lien is a charge against property, but it is not an interest in property.

We consider that the *Radford* umbrella shields property interests which are contractually specific in the sense that the property interest in *Radford* was specific. The lien of the plaintiff is not such an interest. For that reason, it is our decision that avoidance is not constitutionally proscribed as claimed by the Bank.

We have considered the extensive briefs of all parties, including those of the United States, intervenor, and the *amicus curiae*. They are scholarly and have been helpful.

### ORDER

AND NOW, this 11th day of March, 1981, it is determined that the judicial lien of the Commonwealth National Bank is avoidable. It is hereby avoided to the extent that it impairs the debtors' residential exemption.