# John Dunlap, plaintiff in error *against* Evan Miles.

On a plea of *non assumpsit* to an *insimul computasset*, evidence cannot be received that the defendant entered into an agreement with a third person, trusting to the accuracy of books kept by the plaintiff, in which he was mistaken.

WRIT of error to the Circuit Court of Centre county. The action was brought on an *insimul computasset*, to which there was a plea of *non assumpsit* and payment, with leave to give the special matter in evidence.

The trial was had at Bellefonte on the 16th May 1804, before SMITH and BRACKENRIDGE, Justices, when a verdict was given for the plaintiff below, with 429l. 10s. 9d. damages. On the trial a bill of exceptions was sealed, the substance of which was as follows :

The defendant (below) offered under the plea of *non assumpsit*, to prove, that Evan Miles, Richard Miles, and John Dunlap, were joint partners for carrying on the manufactory of bar iron ; that after the partnership had been carried on for some time, it was agreed to dissolve the same ; and J. D. agreed to purchase the interest of R. M. in the said estate, as follows :

" Memorandum of an agreement made and concluded 7th
" July 1797, by and between Richard Miles, of Milesburg, of the
" one part, and John Dunlap of Harmony Forge of the other
" part, witnesseth, that the said R. M. doth agree to grant, bar-
" gain, sell and convey, by a general warranty deed, all his moiety
" or half part of Harmony Forge, premises and appurtenances
" thereto belonging, together with all his full moiety or half part
" of the stock, right and credits of or belonging to the same,
" unto the said J. D. for and in consideration of his paying, or
" securing to be paid, by bonds and a mortgage on the premises,
" the several sums of money in manner and form herein after
" specified, viz., 2000l. advance on the price of the land, and to
" repay all and every the said R. M's expenditures in erect-
" ing and carrying on the said forge, with the interest on the
" money paid for the land by the said R. M. added thereto,
" from the time of purchase to the present time ; and to pay
" Evan Miles, and wife, for their trouble, in managing the same,
" at the rate of $300 per year during the time they have been
" there, and for the space of 3 months longer, if the said E. shall
" choose to stay so long, the money to be paid in manner fol-
" lowing, viz. : to E. M. for managing, 200 dollars two months
" *after this date, 200 dollars within six months from this
*367]  " date, and the residue on the 1st May next ; and the
" money to R. M., 400 dollars on the said 1st May next, and the

" residue to be divided into seven equal annual payments, the
" first to commence on the 1st May 1799, all with lawful interest
" from the present date ; and the said J. D. is to pay or exone-
" rate the said R. M. from the payment of any demands, that
" are or shall be brought against the said forge, or partnership
" account whatever.   In witness thereof, &c.

" R. MILES, (L. S.)

" J. DUNLAP, (L. S.) "

That E. M. was the person who transacted the business, and
kept the books of the company.   That placing full confidence
in the integrity and accuracy of E. M. and believing the books
to present a true statement of the affairs of the company, J. D.
stipulated to pay E. M. in lieu of profits, a certain allowance as
manager.   That E. M. after this agreement to allow his wages,
in lieu of profits, made entries in the books of debts due by the
company, which the defendant was obliged to pay amounting to
300l.

That by the said articles, J. D. stipulated to pay R. M. all
the money expended by him in the concern, which appeared by
the books at that time to be 1484l. 3s. 9d.   That E. M. after-
wards presented his father's accounts as from his father's books,
amounting to 1972l. 9s. 4d. which the defendant believes he has
been charged with by R. M., and that this transaction was un-
known to J. D. at the time of his settlement with E. M.

This testimony was objected to on the part of the plaintiff,
and the court on argument overruled the same, notice of the
matter not having been given ten days before the sitting of the
court, but on the morning of the trial.   Whereupon &c.

All errors apparent on the face of the account, being rectified
by the direction of the court.

THOMAS SMITH, (L. S.)  ·

H. H. BRACKENRIDGE, (L. S.)

Mr. Duncan for the plaintiff in error contended, that the evi-
dence which had been offered and rejected, proved that the
plaintiff below had no right to recover.   Dunlap was deceived
when he made his contract of July 1797, from the appearance
of the books, then kept by the plaintiff in the original suit ;
and the latter cannot avail himself of his engagement to pay
him a salary for his services, produced by his error, either acci-
dental or intentional.   On the general issue of *non assumpsit,*
any thing may be given in evidence which destroys the plaint-
iff's right of *action, 1 Wils. 45, even a release, Bull. 148, [*368
or infancy, 4 Dall. 130, though it is otherwise on the plea
of *non est factum* to a deed.   Gilb. Law Evid. 162.

Mr. M'Kean, for the defendant in error.

The account as appears by the record, was settled and signed
23d May 1799.   It begins 7th July 1797, the day when the for-
mer partnership was dissolved, and ends on the 11th April 1799.

The principal item debited is 346l. 17s. 6d. for the services of Evan Miles, and his wife.

Even as between partners, the nature of a demand is changed on the dissolution of the partnership, by stating and settling an account. 2 T. R. 482. BULLER J. says, it is no matter how the debt arose, if there was a sum due. Ib. 483, (note.) Unless ten days notice is given of the special matter on which the defendant relies, he shall give no other evidence than what is by law strictly admissible on the general issue ; 27th rule of practice of Circuit Court. Here notice was only given on the morning of the trial, and therefore the defendant below was not entitled to the benefit of the rule.

It is now stated, that the account was settled through the representation or deception of Evan Miles, but that Dunlap relied on his integrity and accuracy in keeping the books. Even with the notice required by the rule, the evidence would not have been admissible ; because the testimony in its utmost extent, goes only to affect the articles of partnership and their dissolution, and not to discharge the promise which arose on the settlement of the subsequent account. The plaintiff below had no concern with the contracts of third persons, nor was he bound in this action to settle the matters of account between Dunlap and Richard Miles. It is *res inter alios acta.* This was an independent contract, and a new debt was thereby contracted ; the evidence proposed was not relevant thereto. An *assumpsit* to do a thing may be discharged by parol, before breach ; but not afterwards. 1 Mod. 206. 2 Mod. 43. Freem. 195. It was attempted on the trial to set off a cross demand for damages, for the negligence and misconduct of the plaintiff below, as the clerk of the late company, against his settled account. Unliquidated damages of such a nature have never been held a proper subject of set-off.

Many inconveniences have been experienced from the practice in England, of allowing so large a range to defendants, under the general plea of *non assumpsit.* This court will not add to it, since it evidently tends to surprise and injustice. The liberty to give special matter in evidence in this instance, not followed up by a regular notice, misled the plaintiff in the original suit.

\*369] *\*lowed up by a regular notice, misled the plaintiff in the original suit.*

TILGHMAN, C. J. Evan Miles brought an action against John Dunlap ; his declaration contains a single count on an *insimul computasset.* The defendant pleaded *non assumpsit* and payment, with leave, &c. On the trial, the defendant, not having given legal notice of any such matter, offered to give the following matter in evidence, under the plea of *non assumpsit.* That Evan Miles, Richard Miles and John Dunlap had been partners, in carrying on the manufactory of bar iron. After the partnership had been carried on some time, it was agreed to dissolve it ; and Dunlap agreed to purchase the interest of Richard Miles in the estate where the manufactory was carried on. Accordingly,

on the 7th July 1797, a deed was executed, to which the same Richard and John were parties, whereby the latter bound himself to pay the former a certain price for his interest in the said estate, to repay him all the money expended by him in the said concern, and to pay or exonerate him from the payment of all demands to be brought against the said partnership, and to pay Evan Miles and his wife for their trouble in managing, at the rate of $300 a year for the time they had been engaged in the management of the business of the said partnership. That Evan Miles was the person who transacted the business, and kept the books of the partnership; and that the said John Dunlap, placing full confidence in his integrity and accuracy, and believing the books to contain a true statement of the affairs of the company, entered into the agreement above mentioned, by which Evan Miles was to have $300 a year in lieu of his share of the profits of the partnership; after which the said Evan made entries in the partnership books of sundry debts amounting to 300l., which the defendant below was obliged to pay. That at the time of the said agreement, all the money which appeared by the books to have been expended by Richard Miles was 1414l. 3s. 9d., and that Evan Miles afterwards presented his father's accounts from his father's books, amounting to 1972l. 9s. 4d., which Dunlap believed he had been charged with by Richard Miles; and that this transaction was unknown to him at the time he settled the account with Evan Miles on 23d May 1799, on which this suit is brought.

It is to be observed, that although Evan Miles was no party to the agreement before mentioned, yet he adopted it by assenting to accept the $300 a year; and this charge of $300 a year is the principal item in the settled account, on which the suit is brought.

*The Circuit Court rejected this testimony, and the then defendant took an exception to their opinion. Whether [*370 the evidence was, or was not admissible, is the point now for decision.

The courts have allowed a very large field for the admission of evidence, under the plea of *non assumpsit*. Whatever tends to prove that at the time of the suit brought, there was no existing assumption, has been received in evidence. Accordingly, evidence has been given of the infancy of the defendant, payment, or a release. Let us consider the nature of the evidence offered by the defendant, in the case before us. He says, he entered into a contract, under an idea that the books kept by Evan Miles, contained a perfect account of the affairs of the company; but he does not say, that the said Evan ever assured him, that they contained a perfect account, or in any manner deceived him, or made a misrepresentation to him, or that the charges introduced into the account, since the agreement, are unjust. The contract was made on the 7th July 1797, and almost two years afterwards, on the 23d May 1799, he settled

[Duncan's Ex'rs *v.* Wray.]

the account on which the suit was brought, and signed the settlement.

Whether a court of equity under such circumstances would afford relief, there is no occasion now to determine; for the point is, was the evidence admissible or not, in a court of law, under the plea of *non assumpsit.* I am satisfied, that the matters offered in evidence did not at law affect the settled account, on which the suit is grounded, any more than they would have affected a promissory note, given for the balance of an account. If the circumstances of the case afforded ground for relief in equity, Dunlap ought to have given notice of the special matters, in consequence of which under our practice, he might have brought forward all his equity, under the plea of payment. I am not for extending the admissibility of evidence, under the plea of *non assumpsit.* It has been carried far enough, and in my opinion, much too far already; so far as to involve plaintiffs in difficulties on trials, without any possibility of knowing the matter on which defendants rest their defence.

I am of opinion, that the evidence was properly rejected by the Circuit Court; and that the judgment be affirmed.

YEATES, J. I fully concur in the opinion which has been delivered. I have not the smallest difficulty in asserting, that on the general issue of *non assumpsit,* the evidence offered upon the trial, could not be received at common law.

Judgment affirmed.