# Woods *versus* Gummert.

1. In a question of fraud, evidence should have a wide range, and if it has any bearing on the question, however remote, it is admissible.
2. In an action for money advanced, evidence that an execution issued by third person against the plaintiff had been returned "*nulla bona*," was inadmissible.
3. Payments of the debts of a principal by the agent, are presumed to be from the principal's money.
4. Stevenson *v.* Stewart, 1 Jones 307, compared.

November 19th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county* : No. 215, to October and November Term 1870.

This was an action of assumpsit brought May 22d 1866, by John H. Gummert, to the use, &c., against William Woods and James Cunningham, administrators, &c., of James Woods deceased. The claim was on a book account for work and labor on decedent's farm, services as his agent about his general business under a power of attorney and money advanced in payment of debts. The book account extended through the years 1860, 1861 and 1862. The plaintiff gave evidence of payments of debts, &c., for the decedent in 1860, 1861 and 1862, and of his services as agent and their value.

The defendants then offered in evidence the record of a judgment against the plaintiff for $1671.60, recovered October 11th 1858, fi. fa. to December Term 1858.

Returned, " Levied on personal property of defendant and applied, viz. : $690 to debt of the judgment, upon which execution was returned as to the residue *nulla bona*." Offered for

[Woods *v.* Gummert.]

the purpose of showing that plaintiff was indebted and unable to pay his own debts, and as some evidence that he could not have made advancements out of his own resources, for the payment of James Woods's indebtedness.

The offer was objected to by the plaintiff, rejected by the court (Gilmore, P. J.), and a bill of exceptions sealed.

The verdict was for the plaintiff for $461.70.

The defendants took out a writ of error, and assigned the rejection of their offer for error.

*D. Kaine*, for plaintiffs in error, cited Miller *v.* Stem, 2 Jones 386; Parker *v.* Donaldson, 6 W. & S. 132.

*W. H. Playford*, for defendant in error.

The opinion of the court was delivered, January 16th 1871, by
SHARSWOOD, J.—No doubt upon an issue involving a question of fraud, evidence must in the nature of things be allowed a wide range, and testimony having any bearing, however remote, is admissible: Reinhard *v.* Keenbarte, 6 Watts 93; Kauffman *v.* Swar, 5 Barr 230. Therefore, it was held in Stevenson *v.* Stewart, 1 Jones 307, that in an action on a single bill, to which the defence was forgery, evidence was admissible on the part of the plaintiff to show that before or after the date of the bill the maker was trying to borrow money. "Such investigations," said Mr. Justice Bell, "founded in imputed fraud, naturally take a wide range. Among the most common topics of inquiry is the pecuniary capacity of the supposed lender, and the necessitous conditions of the alleged borrower. And these inquiries are legitimate." But surely it is not to be inferred from this that wherever a plaintiff brings an action for goods sold and delivered or money lent and advanced, or paid, laid out, and expended, that it is competent to the defendant to give evidence of the pecuniary inability of the plaintiff and thus raise an issue entirely collateral. What legitimate inference in such a case can be drawn from the insolvency of the plaintiff? Men heavily indebted and even keeping their creditors at bay, often have large transactions in borrowing and lending, and are possessed of considerable sums of money. If the defendant is allowed to show that the plaintiff owes debts which he does not pay, the plaintiff may certainly rebut the evidence by showing that he has a good defence to them. Thus, innumerable collateral issues might be introduced. The case below was not a case so far as appears in which any issue of fraud was raised. The fraud which the defendant alleged was simply that of setting up an unfounded claim. The same fraud could with equal propriety be alleged in every action. The claim of the plaintiff, besides a book account for work and labor and

[Woods *v.* Gummert.]

compensation for services as agent, was for money alleged to have been paid on account of his principal. The presumption was that the money so paid was that of his principal unless he gave evidence to show that it was his own. What light was thrown upon this question by proving that there was a judgment against him upon an execution on which $690 had been made and *nulla bona* returned as to the residue? Now had the plaintiff been suing upon a paper alleged to be forged or procured by fraud, such evidence might have been admissible as having some weight in a case of doubt, especially if it was cotemporaneous with the transaction in controversy. Here the judgment execution and return were in 1858, the payments or advances alleged in 1860, 1861, but principally in 1862. To what period of time is such evidence to be confined? In Stevenson *v.* Stewart the evidence of defendant's applications to others to borrow money was in the year when the note which he alleged to be forged was dated both before and after the date of the bill. The inference asked to be drawn in support of the innocence of the plaintiff's case was that he had also applied to and borrowed money of him. That was a very different case from that which is presented upon this record.

Judgment affirmed.