Mutual Life Insurance Company of New York for use of Robert Scott and J. B. Tenan *v.* George M. Tenan, Executor of the Will of Stephen Smith, deceased, with notice to M. H. Stevenson, terre-tenant, Appellant.

| | |
|---|---|
| 188 | 239 |
| 188 | 242 |
| 188 | 239 |
| 200 | 240 |
| 188 | 239 |
| s204 | 333 |
| 188 | 239 |
| 206 | 518 |

*Practice, C. P.—Affidavit of defense—Executors and administrators.*

An executor or administrator is not required to file an affidavit of defense in a suit on a contract made by a decedent, where the cause of action arose before the decease of the latter; and therefore no valid judgment may be entered in such a case for want of an affidavit of defense. Seymour v. Hubert, 83 Pa. 346.

*Appeals—Mortgage—Scire facias—Terre-tenant.*

On a scire facias sur mortgage against an executor where the terre-tenant is not served, and a levari facias, issued upon a judgment illegally entered against the defendant for want of an affidavit of defense, is levied upon the land of the terre-tenant, he has a right to appeal to protect his title.

Argued Oct. 18, 1898. Appeal, No. 91, Oct. T., 1898, by defendant, from order of C. P. Washington Co., Nov. T., 1897, No. 57, making absolute a rule for judgment for want of an affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage.

From the record it appeared that the court entered the following judgment:

And now, October 15, 1897, ten days after the return day of the writ in the above case, said writ having been returned by the sheriff served upon George M. Tenan, executor of the will of Stephen Smith, deceased, and nihil as to M. H. Stevenson named as terre-tenant in the writ; upon motion of plaintiff's counsel for judgment for want of an affidavit of defense (there being no appearances entered in the case), it is ordered that judgment be now entered in favor of James B. Tenan (the person for whose benefit the writ of scire facias in this case is issued), and against Geo. M. Tenan, executor of the will of Stephen Smith, deceased, for want of an affidavit of defense; the sum due said James B. Tenan to be ascertained by the prothonotary in accordance with the terms of the affidavit of claim now on file, the lien of such judgment and any and all executions issued from it to be confined to the property of which said Stephen Smith died seized; and any writ of levari facias issuing from said judgment to be levied only on the real estate referred to in the mortgage from which the writ of scire facias in this case issued.

*Error assigned* was the judgment of the court, quoting it.

*M. H. Stevenson*, with him *J. C. Ewing*, for appellant.—Judgment cannot be taken against an executor for want of an affidavit of defense: Endlich on Affidavits of Defence, sec. 321; Boas v. Birmingham, 2 Pearson, 334; Stadelman v. Penna. Trust Co., 12 Phila. 332; Gallagher v. Glasgow, 13 W. N. C. 94; Tracy v. Tracy, 18 Pa. C. C. 398; Seymour v. Hubert, 83 Pa. 346.

*H. M. Dougan*, for appellee.—The appellant's right to be heard in this Court on his appeal is doubtful. He is terre-tenant, and the appellee's writ was not served on him: Mather v. Clark, 1 Watts, 491; Mevey's App., 4 Pa. 80.

The entry of judgment for want of an affidavit of defense against a defendant executor was undoubtedly erroneous. But

here, the plaintiff was, when the erroneous judgment was entered, entitled to judgment for want of an appearance; the reason given for the entry of the judgment was not good, but the plaintiff was, under the circumstances disclosed on the record of the case, entitled to have a judgment ascertaining the amount due him on his mortgage, because there was no appearance for anybody.

OPINION BY MR. JUSTICE GREEN, October 31, 1898:

The proceeding in this case was a scire facias on a mortgage given by Smith, the defendant's testator, to the legal plaintiff. An affidavit of claim was filed for a portion of the debt secured by the mortgage, the other portion having been paid. There was no service of the writ upon the terre-tenant, Stevenson, and there was no appearance and no affidavit of defense filed by the executor of Smith. On motion of the plaintiff's counsel, the court entered judgment against Tenan, executor of Smith, for want of an affidavit of defense, and the same day the amount due was liquidated by the prothonotary at $2,106.65. In the case of Seymour v. Hubert, 83 Pa. 346, it was decided that an executor or administrator is not required to file an affidavit of defense in a suit on a contract made by a decedent where the cause of action arose before the decease of the latter, and therefore that no valid judgment could be entered in such case for want of an affidavit of defense. It follows that the judgment so entered in the present case is a void judgment and must be set aside. It is very clear under the decision in Cadmus v. Jackson, 52 Pa. 295, that Stevenson, as terre-tenant, had a right to appeal. His land was levied upon under a levari facias issued upon the judgment recovered against the executor of Smith, and his title was in jeopardy. For this reason the judgment must be reversed.

Judgment reversed.