# Helffrich *v.* Greenberg, Appellant.

*Practice, C. P. —Affidavit of defense—Affidavit by executor—Rules of court.*

The court of common pleas has the power to make a rule of court as follows : " An affidavit of defense shall be required from executors, administrators, guardians, committees and others sued in a representative capacity.   Provided, that an affidavit by the defendant in such a case, stating that he has made diligent inquiry and has not been able to obtain sufficient information to enable him to set forth particularly the nature and character of the defense but that he believes that there is a just and legal defense, shall be deemed sufficient compliance with this rule."

Argued March 26, 1903.   Appeal, No. 70, Jan. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1902, No. 3224, on case stated in suit of Henry B. Helffrich to use of Philadelphia Trust Safe Deposit & Insurance Company, Executors of L. Taylor Dickson, Deceased, v. Mendel Greenberg.   Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Case stated to determine the validity of title to real estate.

From the case stated it appeared that plaintiff's title was derived through a sheriff's sale in a case in which judgment was entered against an administrator for want of a sufficient affidavit of defense.   The judgment was attacked as invalid on the ground that the court of common pleas had no power to make a rule of court requiring administrators and executors to file affidavit of defense.   The court upheld the validity of the rule and entered judgment for plaintiff upon the case stated for $4,500.   Defendant appealed.

*Error assigned* was the judgment of the court.

*Henry A. Hoefler*, for appellant, cited : Leibert v. Hocker, 1 Miles, 263; Seymour v. Hubert, 83 Pa. 346 ; Mut. Life Ins. Co. v. Tenan, 188 Pa. 239; Tenan v. Cain, 188 Pa. 242.

*C. Berkeley Taylor*, for appellee, cited : Detmold & Cox v. Gate Vein Coal Co., 3 W. N. C. 567 ; Vanatta v. Anderson, 3 Binney, 417 ; Smith v. Times Pub. Co., 178 Pa. 481; Stedman v. Poterie, 139 Pa. 100.

OPINION BY MR. JUSTICE FELL, July 9, 1903 :

This was a case stated to determine the validity of the title to real estate acquired by a sheriff's sale under a judgment entered against an administrator for want of an affidavit of defense. The only subject to be considered is the power of the courts of common pleas of Philadelphia to make the following rule adopted by them in March, 1893 : " An affidavit of defense shall be required from executors, administrators, guardians, committees and others sued in a representative capacity. Provided : That an affidavit by the defendant in such case, stating that he has made diligent inquiry and has not been able to obtain sufficient information to enable him to set forth particularly the nature and character of the defense but that he believes there is a just and legal defense, shall be deemed sufficient compliance with this rule."

The practice of taking judgment by default for want of an affidavit of defense has its origin in an agreement entered into by members of the Philadelphia bar in 1795. The practice was subsequently authorized by rule in the Supreme Court, the common pleas courts, and the district court of Philadelphia. It first received legislative sanction by the act of March 28, 1835, relating to the district court of Philadelphia, and by special acts it was extended to nearly all the courts in the state : Sellers v. Burk, 47 Pa. 344 ; note to Detmold and Cox v. Gate Vein Coal Co., 3 W. N. C. 567. The first general act upon the subject was the procedure act of May 25, 1887. This sanction however, was not necessary to give validity to the practice. It was decided as early as 1811 in Vanatta v. Anderson, 3 Binn. 417, that a court of common pleas, under its general power to regulate its practice, had authority to make a rule requiring defendants to file an affidavit of defense and to

direct judgment to be entered in case of default.   This de-
cision has never been called in doubt, and it has been cited with
approval in a large number of cases.

For the protection of decedents' estates a construction was
placed on the act of 1835 that relieved executors and admin-
istrators from filing affidavits of defense in actions on contracts
made by a decedent.   Although there is no express provision
exempting them from its operation, they were deemed not to be
within the spirit of the act: Leibert v. Hocker, 1 Miles, 263;
Seymour v. Hubert, 83 Pa. 346.   The same ruling was made
in Mutual Life Insurance Co. v. Tenan, 188 Pa. 239, after the
passage of the act of 1887.   No reference is made in this de-
cision to the later act, but the construction given to the earlier
act would evidently apply to it.   The question in these cases
however was one of construction only.   In none of them was
there a rule of court requiring an affidavit, and the decisions
do not touch the power of the court to require by rule the
filing of an affidavit of defense by one sued in a representa-
tive capacity.   The general power of courts to establish rea-
sonable rules for the regulation of their practice is undoubted.

The judgment is affirmed.