## Lowenstein *v.* Michael, Appellant.

*Practice, C. P.—Rules of court—Affidavits of defense by executors and administrators—Execution of promissory notes—Notice of special matter—Evidence.*

1. The courts of common pleas have the power to establish rules requiring affidavits of defense from executors and administrators.

2. Where a rule of court provides that the execution of a promissory note shall be taken as admitted at the trial, unless the defendant or some one in his behalf shall by affidavit of defense deny its execution, and where another rule of court requires executors and administrators to file affidavits of defense, proof of the execution of a note in an action against an executor will not be required at the trial, if it appears that no affidavit of defense has been filed denying the execution of the note.

3. In an action against an executor on a promissory note where the only defense set up in the affidavit of defense is payment, and no special notice of any other defense was given as required by rule of court, evidence will not be admitted at the trial tending to show that the note was given in settlement of a partnership, and represented the amount due to the payee on the adjustment and final settlement of the partnership business, and that the amount represented by the note was not in fact due to the payee on the accounting of the partnership business.

4. Where the result of the dealings of the parties is examined, mutually approved, and accepted, the consideration of an obligation given for the balance of the account so shown, is not simply the money to be paid; the stating of the account is the consideration moving between the parties; accordingly a mistake in the accuracy of the account must be specially pleaded when suit is brought on the settlement, or notice of the special matter must be given where such notice is a substitute for special pleadings.

Argued Oct. 15, 1913. Appeal, No. 116, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1911, No. 4,075, on verdict for plaintiff in case of Sol. Lowenstein to use of Max Hirsch *v.* Johanna Michael, Executrix, and Leon Michael, Executor of the Estate of Samuel Michael, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a promissory note. Before WILTBANK, J.

From the record it appeared that the defendant filed

two affidavits of defense. The first was in general terms denying liability, and the second set up payment. No special notice was given as required by rule of court of any other defense.

At the trial counsel for plaintiff offered in evidence the following note: "Philadelphia, June 10th, 1911. On demand I promise to pay to Sol. Lowenstein the sum of Eight hundred and forty-seven dollars and 85.100 ct. $847.85. Value received. (Endorsed) Sol. Lowenstein."

Objected to. Objection overruled. Exception noted for defendants. [3]

Mr. Lewis: I offer to prove by the witness that this claim arises out of moneys alleged to be due the witness as profits in the business conducted under the name of Samuel Michael; that the witness on the stand made a sworn statement in a bill in equity filed by Max Hirsch against the same defendant, that this note for $847.85, the note in suit, was given as the proportionate share of profits belonging to him; to be followed up by proof that there were at that time no profits due him.

Objected to. Objection sustained. Exception noted for defendants. [4]

Mr. Lewis: I offer to prove by this witness on cross-examination, to inquire as to what the note was given for.

Objected to. Objection sustained. Exception noted for defendants. [5]

Mr. Lewis: I offer to prove the assignment of the witness's claim to the use of the plaintiff, and to show that this claim arises out of alleged profits due the witness, which was the subject of the assignment, to be followed up by proof that there were no profits at the time this paper was given.

Objected to. Objection sustained. Exception noted for defendants. [6]

Jacob Sockett, sworn.

Mr. Lewis: I offer to prove by this witness that he was a bookkeeper of the firm of Samuel Michael, the decedent, in which Lowenstein, the plaintiff in this case——

The Court: This gentleman was bookkeeper in the lifetime of Mr. Michael, the decedent?

Mr. Lewis: Yes, sir; and that he was bookkeeper at the time this paper was executed; that from his own knowledge and from the books of the concern, there were no profits due Mr. Lowenstein, the nominal plaintiff in this case.

Objected to. Objection sustained. Exception noted for defendant. [7]

Mr. Lewis: "Q. What was Mr. Lowenstein's interest in that business?"

Objected to. Objection sustained. [8]

The court charged as follows:

[In this case I am of the opinion that the plaintiff should recover your verdict, and if in instructing you to find for plaintiff, as I now do, I err in any manner, it will be corrected later by the court in banc; you will, therefore, find a verdict for plaintiff for the amount stated by Mr. Oliensis.] [9]

*Errors assigned* among others were (2–8) rulings on evidence, quoting the bill of exceptions, and (9) charge of the court, quoting it.

*Bernard Harris,* with him *William M. Lewis,* for appellant.—The note was improperly admitted: Perkins v. Humes, 200 Pa. 235.

The court below erred in rejecting the offers of evidence tending to show a substantial legal defense: Kamber v. Becker, 27 Pa. Superior Ct. 266; Sentinel Printing Co. v. Long, 28 Pa. Superior Ct. 608; Sherrard v. Johnston, 193 Pa. 166; Flegal v. Hoover, 156 Pa. 276; Taylor v. Beatty, 202 Pa. 120; Dawson v. Tibbs, 4 Yeates, 349; Falconer v. Smith, 18 Pa. 130; Heck v. Shener, 4 S. & R. 249; Harris v. Harris, 154 Pa. 501; Hessner v. Helm, 8 S. & R. 178; Geiger v. Cook, 3 W. & S. 266; Wilson v. Wilson, 2 Pittsburg, 201.

*B. D. Oliensis*, with him *H. L. Barroway*, for appellee.—The note was properly admitted: Dixon v. Sturgeon, 6 S. & R. 25; Reakirt v. Flanagan, 6 Pa. Dist. Rep. 402; Helffrich v. Greenberg, 206 Pa. 516.

In an action of account stated, mistake or incorrectness of the account must be pleaded specially or, where notice has been substituted by law for special pleading, as in this state, by pleading generally and giving notice of the special matter: Dunlap v. Miles, 4 Yeates, 366; Hendy v. March, 75 Cal. 566; Barker v. Hoff, 52 How. Pr. (N. Y. Sup. Ct.) 382; Anthony v. Day, 52 How. Pr. (N. Y. Sup. Ct.) 35; St. Louis Lager Beer Bottling Co. v. Nat. Bank, 8 Colo. 70; Taylor v. Coryell, 12 S. & R. 243; Robinson v. Dawson, 2 W. N. C. 185.

OPINION BY HENDERSON, J., Febuary 20, 1914:

The plaintiff's action is based on a promissory note. When the note was offered in evidence objection was made that it was not admissible without proof of its execution. This objection was overruled and the evidence admitted. This action is excepted to in the third assignment. The maker of the note was dead at the time the action was brought, and after the summons was served the executors filed an affidavit of defense which in general terms denied the liability of the estate but stated the inability of the deponents to obtain sufficient information to enable them to set forth particularly the nature and character of the defense. A supplement affidavit of defense was filed in which a just and legal defense was asserted in the fact that the note was paid by Samuel Michael in his lifetime. The note was admitted under Rule 1 of the rules of the courts of common pleas of Philadelphia county which provides that in actions instituted on any bill, note, .check, etc., it shall not be necessary for the plaintiff at the trial to prove the signing, drawing, etc., but the same shall be deemed to be admitted unless the defendant or some person for him or her by affidavit of defense or

other affidavit filed within fifteen days after service
of the statement shall have denied that such bill, note,
check, etc., was duly signed, drawn, etc. The defend-
ants not having denied that the note in suit was duly
signed by the maker thereof, the question raised by
the assignment is whether this rule applies in a case
where a person is sued in a representative capacity
as an executor. Rule 3 of the rules of the courts of
common pleas of Philadelphia county in force at the
time this proceeding was had required that affidavits
of defense be filed by executors, administrators, guard-
ians, committees and others sued in a representative
capacity with the provision that an affidavit would
be deemed a sufficient compliance with the rule that
stated that the deponent had made diligent inquiry
and had not been able to obtain sufficient information
to enable him to set forth particularly the nature and
character of the defense but that he believed there was
a just and legal defense. If the court had authority
to establish this rule the action of the court below was
in strict conformity to its rules. The appellant contends
that the question is decided in Perkins v. Humes, 200
Pa. 235. That case was reversed because the trial
court permitted the plaintiff to offer in evidence the
statement of claim. The plaintiff's object in so offering
it was stated to be to make proof of the execution of
the notes on which the suit was brought. The state-
ment contained copies of the notes and was signed by
the plaintiff's counsel. It contained a statement that
the maker of the notes during her lifetime promised to
pay the same to the plaintiff but did not do so and
this was read to the jury and doubtless regarded by
them as evidence of the liability of the estate. This
was held to be an error on the part of the trial court.
It was contended in the Supreme Court that the evi-
dence was admissible under a rule of the court of com-
mon pleas of Crawford county similar to that in force
in Philadelphia county relating to the admission of in-

struments in writing for the payment of money or the performance of stipulated duties where a copy of the obligation was filed with the statement and its execution not denied under oath within the time prescribed for filing affidavits of defense. It was said by the Supreme Court of this rule that its enforcement was practically to require the executor to file an affidavit of defense when sued on some written instrument alleged to have been executed by the testator but that under the law as declared in Mutual Life Ins. Co. v. Tenan, 188 Pa. 239, an executor or administrator is not required to file an affidavit of defense in a suit on any contract made by his decedent where the cause of action arose before the latter's death. It was not made to appear in that case that a rule of court was in force in Crawford county requiring an affidavit of defense from an executor or administrator. The question of the power of the court to establish such a rule was not decided in the case. In Helffrich *v.* Greenberg, 206 Pa. 516, the question of the authority of the court to require the filing of an affidavit of defense by one sued in a representative capacity was expressly decided. As this decision came about two years after the opinion was handed down in Perkins v. Humes, 200 Pa. 235, it makes it clear that the latter case was not a decision against the authority of the courts of common pleas to establish rules requiring affidavits of defense from executors and administrators. The decisions in Seymour v. Hubert, 83 Pa. 346, and Mutual Life Ins. Co. v. Tenan, 188 Pa. 239, on this subject were based on a construction of the act of 1835 that relieved executors and administrators from filing affidavits of defense in actions on contracts made by a decedent. They were deemed not to be within the spirit of the act although there was no express provision exempting them. It is pointed out, however, in Helffrich v. Greenberg, 206 Pa. 516, that in none of the cases referred to was there a rule of court requiring an affidavit and the former decisions

did not touch the power of the court to require by rule
the filing of an affidavit of defense in such cases. The
general power of the court to establish reasonable
rules for the regulation of their practice was recognized
and a rule of that character given effect.

The offers of evidence covered by the fourth, fifth,
sixth, seventh and eighth assignments are intended to
impeach the consideration for the note by showing that
it was given in settlement of a partnership and repre-
sented the amount due to the payee on the adjustment
and final settlement of the partnership business. The
pleas filed were non assumpsit, payment, payment with
leave and set-off, and notice was given that under the pleas
the defendant would offer in evidence the special matters
of defense set forth in the affidavit of defense. As the first
affidavit of defense filed did not state any matters of de-
fense general or special the intention must have been to
prove the averment of the supplemental affidavit of de-
fense which alleged that the note was paid by Samuel
Michael in his life-time. No evidence was offered to sus-
tain that allegation nor is it now pretended that the note
ever was paid. If as the defendants allege the note was
the agreed indebtedness of the maker to the payee on an
account stated between them as the result of the adjust-
ment of the partnership affairs the consideration for the
maker's promise to pay was the stating of the account.
Where the result of the dealings of the parties is examined,
mutually approved and accepted, the consideration of an
obligation given for the balance of the account so shown
is not simply the money to be paid; the stating of the
account is the consideration moving between the parties.
It has been accordingly held that a mistake in the ac-
curacy of an account must be specially pleaded when
suit is brought on the settlement or that notice of the
special matter must be given where such notice is a
substitute for special pleadings. In Dunlap v. Miles,
4 Yeates, 366, which was an action on an account stated
with a plea of the general issue the defendant offered

to show an error in the settlement brought about by the misconduct of the plaintiff. The court held that this was not admissible under the plea; that the relief sought was equitable and that notice of the special matters was necessary in order to introduce the defense. The correction of the mistake involves a review of the whole account and as the statement of the account was a sufficient consideration for the note the defendant's relief should have been sought through the equitable power of the court after notice of the particular defense attempted to be introduced at the trial. Rule 30 of the court of common pleas of Philadelphia county provides that "any defense, legal or equitable, that might heretofore have been specially pleaded or given in evidence under equitable pleas shall be admissible under the plea of the general issue upon notice given at least fifteen days before the day set for trial.

"Notice of special matters of defense or counterclaim shall contain a specific averment of facts sufficient to constitute a good legal or equitable defense. Copies of such notice shall be. filed of record and also served on the plaintiff or his attorney of record at least fifteen days before the day set for trial. In default of such notice the defense shall be confined to matters strictly admissible under the plea filed."

It is not pretended that a notice of special matter containing specific averments of fact sufficient to constitute a good legal or equitable defense was served on the plaintiff or that any notice was given of an intention to introduce the defense proposed in the offers of testimony excluded by the court. There was a failure, therefore, to comply with the rule in regard to the introduction of evidence and of this the plaintiff had the right to take advantage.

The judgment is affirmed.