## The Security Trust Company of Pottstown v. Feist, Admx., et al.

*Larzelere & Wright*, for plaintiff.

*Edred J. Pennell*, for defendants.

DANNEHOWER, J., November 28, 1936.—Plaintiff issued a writ of sci. fa. upon a mortgage executed by Jacob G. Feist and Loretta S. Feist, his wife, to plaintiff, and filed a statement of claim in connection therewith. Loretta S. Feist, as administratrix of Jacob G. Feist, filed an affidavit of defense. Loretta S. Feist, individually, also filed an affidavit of defense, which contained numerous allegations under the head of "new matter", and there was endorsed upon said affidavit of defense a rule upon plaintiff to file a reply to the new matter within 15 days from the service thereof.

Plaintiff thereupon filed a petition, upon which the present rule was granted, to show cause why the allegations contained in the affidavit of defense entitled "new matter" and the rule endorsed thereon upon plaintiff to file a reply thereto within 15 days from service should not be stricken from the record. Plaintiff's petition alleges that in an action of sci. fa. sur mortgage no provision is made either under the common law or the statutes of the Commonwealth of Pennsylvania for the pleading of new matter or for the requirement of a reply to new matter as demanded by the affidavit of defense.

It is well settled that in sci. fa. sur mortgage the proceeding is wholly statutory: Reilly v. City Deposit Bank & Trust Co., 118 Pa. Superior Ct. 222, 226; and is gov-

erned by the Act of 1705, 1 Sm. L. 57, 21 PS §791, which provides:

"And if the defendant in such *scire facias* appears, he or she may plead satisfaction or payment of part or all the mortgage-money, or any other lawful plea, in avoidance of the deed or debt, as the case may require".

Neither the Procedure Act of May 25, 1887, P. L. 271, nor the Practice Act of May 14, 1915, P. L. 483, and its supplements, applies to actions of sci. fa. sur mortgage. The Act of 1705 does not prescribe the manner of pleading, but it obviously assumes that the system of common-law pleading which had been adopted as part of the common law of Pennsylvania was adequate for that purpose. When the Act of 1705 authorizes "any other lawful plea, in avoidance of the deed or debt," it means any lawful plea under common-law pleading in confession and avoidance of the deed or debt. The cases are numerous in which we find that the pleading and procedure adopted was that of the common law which was then existing. 1 Trickett on Liens in Pennsylvania 190, sec. 153, explains in "Proceedings on Scire Facias":

"*Nul tiel record* is no plea, but *non est factum*, payment, payment with leave, etc., no lien, set-off, non-assumpsit, are employed. Special pleas may be made, and, that the suit was prematurely brought, should be pleaded in abatement."

In 49 C. J. 322, sec. 393, in discussing the necessity for replication or reply at common law, it is said:

"At common law the necessity for a replication is always governed by the plea . . . . But where the plea introduces new matter and does not conclude to the country, but concludes with a verification, a replication must be made if plaintiff does not demur."

In Maxwell v. Beltzhover, 9 Pa. 139, where, in a sci. fa. sur judgment, a plea of confession and avoidance was entered, and the lower court nonsuited plaintiff when the case was called for not proceeding to trial, it was held error because no reply was made creating an issue.

Therefore, under the Act of 1705, it is quite clear that where new matter is set up in the plea in confession and avoidance a replication is necessary, or the parties cannot be at issue.

However, defendant has not filed a plea under the Act of 1705, but has filed an affidavit of defense as required by our rules of court. Defendant should have filed both, that is, his plea under the Act of 1705 and his affidavit of defense under our rules of court: Federal Land Bank of Baltimore v. King et al., 294 Pa. 86. This case also recognizes the validity of rules of court, citing Mutual Life Ins. Co. of N. Y., for use, v. Tenan, Exec., 188 Pa. 239.

Our rules of court 26 and 29 require an affidavit of defense in sci. fa. sur mortgage actions and that the pleadings shall conform with the requirements of the Practice Act of 1915 and amendments thereto, as far as adaptable. We are of the opinion that they are authority for the endorsed rule on plaintiff to reply within 15 days of service.

Defendant should not be confined to an affidavit of defense which merely denies the allegations of the plaintiff's statement in the sci. fa. proceedings. He has the right to set up matters in confession and avoidance in defense to plaintiff's claim. This is a matter not provable under a denial. It is a matter extrinsic to the claim made, which defendant must affirmatively prove and which should be answered by the plaintiff to make an issue.

And now, November 28, 1936, for the foregoing reasons, plaintiff's rule to show cause why the allegations contained in the affidavit of defense entitled "new matter", and the endorsed rule thereon upon plaintiff to reply thereto within 15 days from service, is hereby discharged, and plaintiff is given 15 days from notice of this order in which to file a reply to the new matter, or demur.