## ‖ Reinhard *against* Keenbartz.

6w 93
164 229

6w 93
39SC 1270

Upon the trial of an issue, involving questions of fraud, great latitude should be allowed in the admission of evidence, that the jury may be enabled to determine from all the circumstances, whether the transaction was fraudulent or not.

*Quære.* Whether the court of common pleas have power to accept the resignation of a trustee, under a general assignment for the benefit of creditors? If they have, they cannot appoint the assignor himself.

If one who was illegally appointed a trustee, under a deed of assignment, for the benefit of creditors, sells land which was assigned, and the purchaser, in good faith, pays the purchase money, which was applied to the object of the trust, the land can not be recovered from him in ejectment, without repayment to him of the purchase money. In such case, justice may be done to all parties, by means of a conditional verdict.

ERROR to the common pleas of *Lebanon* county.

Ejectment by Samuel Reinhard, against John Keenbartz and John Burkholder, who was made a co-defendant.

The facts of the case are sufficiently stated in the opinion of the Court, which was delivered by

ROGERS, J.—The material facts of the case are these. John Keenbartz, one of the defendants, was the owner of the land, for which the ejectment was brought previous to the year 1821. On the 26th of December 1834, Peter Gloninger, obtained judgment against Keenbartz, and on a *venditioni exponas,* the plaintiff became the purchaser, and now claims the land by virtue of the sheriff's deed of the date of the 12th of August 1835. On the 15th of June 1821, Keenbartz, who, it is admitted, was at that time, the owner of the premises, assigned all his property, real and personal, for the benefit of his creditors, to Joseph Barnitz and Jacob Sevar. The deed was duly acknowledged and recorded the 16th of June 1821. Notwithstanding the assignment, Keenbartz continued in the possession of the property as before. On the 7th of April 1823, on petition of the assignees, stating that none of the property had been in their possession, the court allowed them to resign their trust, and at the same time appointed Keenbartz himself the trustee, taking Barnitz and Sevar, the former trustees, as sureties for the faithful performance of the trust. On the 9th of August 1825, Keenbartz, for the consideration of 4000 dollars, conveyed the property to John Burkholder, who takes defence as co-defendant and landlord, by virtue of a lease to Keenbartz. Keenbartz had, previous to the alleged sale to Burkholder, mortgaged the same property to Burkholder, for 4000 dollars, and this sum is alleged to be the consideration of the deed.

The plaintiff claims title, by virtue of the deed of the 12th of

[Reinhard v. Keenbartz.]

August 1835, and this would enable the plaintiff to recover, unless controlled by the defence But the defendants rely on the deed of the 15th of June 1821, the resignation of the trustees, the mortgage and the deed of the 9th of August 1825. It cannot be doubted, that if the deed of Keenbartz to Barnitz and Sevar was valid, it divested Keenbartz of all interest in the land. In that event, there was nothing remaining on which the judgment, under which the plaintiff's claim could attach; and this would of itself, be a decisive answer to the plaintiff's action. It is therefore, necessary for the plaintiff to invalidate the deed of assignment, and accordingly, it is alleged, that this deed is void, because it was made to delay, hinder, and defraud creditors. The plaintiff has given evidence to prove the transaction collusive and fraudulent; but it was for the jury to decide, as to the intention of the parties, with the direction from the court, that if the object was to delay, hinder, and defraud creditors, the assignment was void, and that the property remained in Keenbartz, liable to the lien of Gloninger's judgment; and that the sale on that judgment, and the sheriff's deed, vested a complete title in the plaintiff, who was the purchaser. Whether the deed was fraudulent, was a fact, which was correctly submitted by the court to the decision of the jury. In this part of the charge, we perceive no error, nor do we think there was error in refusing to instruct the jury, that the fact of the assignees taking an appraisement of the personal property, and permitting the debtor to remain in possession, was a strong circumstance of fraud. It was properly left by them, as one among others, proofs of fraud, to which the jury were at liberty to attach as much weight as they might think it entitled to.

But it is contended, that the court of common pleas had no authority under the act of 1818, to accept the resignation of Barnitz and Sevar, and discharge them, at their request, from the duties of their trust. We shall not undertake at this time to decide this point, as it is not now necessary, and will properly arise in a suit on the bond given by the assignees, as sureties for Keenbartz. But whatever the law may be on this matter, yet we think the court erred in ruling, that the court had power, under the act, to appoint Keenbartz his own trustee. Such an appointment is so contrary to policy, and may lead to so many abuses, that we cannot believe the legislature intended to confer such power on the court, unless there should be something in the act, and this we cannot perceive, which clearly indicates such intention. The resignation would seem to have been accepted, and Keenbartz appointed without any notice to the creditors; but independent of this objection, we are of the opinion, that the court have no such power, without the express assent of all the creditors, nor have we known any instance, where this was attempted, except in the case before us. The assignees, sometimes appoint the debtor their agent, for the settlement of the estate; and when it is done in good faith, it has been allowed,

[Reinhard v. Keenbartz.]

rather than encouraged, by the court. The assignees being responsible, will control the debtor, which is some security to the creditor; but there is neither check nor control, when the debtor himself is the trustee. If this practice should meet with the approbation of the court, assignments will be, by trick and contrivance, more frequently made, with the view of enabling the debtor to keep possession of the estate, and to enjoy it, to the exclusion of creditors. It would amount to a virtual repeal of the statutes against fraudulent conveyances. In Adlum *v.* Yard, 1 *Rawle* 163, it was decided, that although an assignment be, in its nature, calculated to delay creditors, and therefore voidable, yet, if a creditor take a dividend under it, he cannot afterwards question its validity. But it is not pretended, that the creditor, under whom the plaintiff claims, ever received a dividend of the estate from the trustee. Exceptions were filed, which were afterwards withdrawn; but this will not preclude the creditors from objecting, either to the validity of the assignment, or to the appointment of the trustees. It does not appear which of the creditors excepted to the account. Mr Weidman and Mr Kline were concerned for a number of the creditors; but it does not appear, that Peter Gloninger, who obtained the judgment on which the land was sold, was of that number. Mr Weidman, as he states, objected to Keenbartz's account, and appeared before the creditors on behalf of those persons, who employed him to collect their money from Keenbartz, without any direct authority from them, to make those exceptions to his account. He concluded they had an interest in it, and filed the exceptions as counsel.

The defendants further rely on the mortgage to Burkholder, and the deed of the 9th of August 1825, of Keenbartz to Burkholder. They contend, that Burkholder is a *bona fide* purchaser of the land from Keenbartz, who was clothed with authority to sell, as trustee. But it has been seen, that Keenbartz had no authority to sell, his appointment being absolutely void. Burkholder took the title, with a full knowledge of its defects; but still, if Burkholder paid his money ignorantly, supposing that the court of common pleas had rightly exercised their authority in appointing him trustee, and the money has been applied to the payment of debts, it would be unjust that the creditors should recover the land, without repayment of the money advanced by Burkholder. The original assignment, though void as to the creditors, is good as to Keenbartz. In the event, therefore, on a second trial, that the jury should be of opinion that the deed to Barnitz and Sevar was fraudulent, it will be their duty to inquire into the circumstances of the sale to Burkholder, which the plaintiff alleges was fraudulent. If the purchase was *bona fide*, untainted with actual fraud, and the money has gone to the benefit of the creditors, the plaintiff cannot recover the land, without repayment of the money paid. If, however, he was in any way concerned in the fraud, he is entitled to no protection

from the court. If it should be thought, that in this transaction, Burkholder has been guilty of no fraud, justice may be done to all parties, by a conditional verdict.

As having a bearing either direct or remote, the evidence, as contained in the bills of exceptions, was properly received. As this is a question of fraud, which depends on a variety of circumstances, great latitude must be allowed in the admission of testimony having even a remote reference to the points in issue. The court and jury can only judge, from all the facts of the case, from which they must draw the conclusion as to the fraud or fairness of the transaction.

It is believed, that the observations already made, embrace substantially all the points which fairly arise; and this supersedes the labour of examining them in detail.

Judgment reversed, and a *venire de novo* awarded.

*L. Kline* and *Weidman*, for plaintiff in error.
*Harris* and *Pearson*, for defendant in error.