## Kauffman *v.* Swar.

Transactions with strangers, the general habits of a party, his intemperance, extravagance and thoughtlessness, are competent evidence in a question of fraud and imposition.

In error from the District Court of Lancaster.

*May* 12. This was an action on a lost bond for $2000, which was proved; the balance due at the time of the loss being $1750; and a receipt under seal for $250, being in full, "and the last on that bond of all demand," was shown by the defendant, with evidence of the admissions by the plaintiff of a final settlement. The plaintiff alleged there was fraud in procuring the settlement, and the questions were the admissibility of evidence to show that, and the charge of the court to the jury as to the evidence of fraud.

The bond in question was for money loaned to defendant, which the plaintiff had obtained by the sale of his farm, at which time and shortly after he resided with the defendant, when he lost the bond. There was evidence of statements by the plaintiff, that he had taken a note for $750 from the defendant for slandering him with reference to the loss of the bond, and given his note for $1000, being the residue of the balance due thereon; and that he had again deducted the note for $750 from his note for $1000, paid the $250 above mentioned, and taken the receipt in full. It was proved that the plaintiff was a drunkard, and had wasted his whole property, consisting of the proceeds of his farm, from which he had received upwards of $7000 in cash, after paying all his debts, a few years before. All the witnesses agreed that plaintiff had denied having made the slanderous assertions attributed to him by plaintiff.

The evidence objected to by defendant was, that after the sale of the farm, plaintiff resided with the defendant, and there lost his bond; that he was drinking every day when he had his health; that he was not fit to make bargains whether drunk or sober, and had spent all his money, though without a family. There was also evidence that on the occasion of a sale of certain property by plaintiff, the purchaser paid him $535 in cash, and gave a note for $400, and that in less than a week the note was in the market. At another time he had received a good bond for $850, which he afterwards sold to the purchaser for $550. The paper book did not show an exception to this evidence, but the admission thereof was assigned for error. The defendant gave evidence of plaintiff's capacity to make a bargain, &c.

The court (HAYES, P. J.) left it to the jury to say whether the $750 for the alleged slander had been twice deducted, which of course would have been fraudulent; and after recapitulating the evidence, left it to them to say whether the plaintiff was imposed upon or defrauded—that is, induced to give a receipt in full when he had not received all he had a right to demand; and whether the alleged forbearance to sue for slander was itself a fraud; if so, and he was induced to give his note under threats of such suit, it was of no validity.

The charge on the points excepted to were, that plaintiff's intemperate habits and extravagance, and his imbecility of mind, with the influence which defendant had over him, and the private settlement coupled with the bare production of a receipt for $250, were material to decide the question of fraud; and that the fraud might be proved by acts and circumstances inconsistent with fair conduct.

The admission of the evidence and charge were assigned for error, and also the admission "of evidence of the general habits and extravagance of the plaintiff, and of other contracts and transactions which defendant was not a party to or present at."

*Stevens*, for plaintiff in error, cited Henderson *v.* Hays, 2 Watts, 148.

*Frazer*, contrà.—1 Story Eq. § 234, 239; Hamilton *v.* McGuire, 3 Serg. & Rawle, 355; Weigley *v.* Weir, 7 Serg. & Rawle, 309; Thompson *v.* Faussat, 1 Pet. C. C. R. 182.

*May* 24. PER CURIAM.—The plaintiff's case was to be supported by proof of fraudulent practice, involving a great variety of transactions on the intellects of a weak and intemperate man; and to support it, required evidence of his general habits, thoughtlessness, and extravagance in transactions to many of which the defendant was not party. No case of the sort could be made out, if it were necessary to dissect the evidence and show that every part of it was immediately connected with the party to be affected by it. In Reinhard *v.* Keenbartz, 6 Watts, 93, great latitude was allowed in the admission of evidence on a question of fraud, though it had only a remote reference to the point in issue; and such, it was said, is the rule in every case of the sort. No undue latitude was allowed here, and the whole was put to the jury with pertinent and proper remarks. Judgment affirmed.