# Commonwealth ex rel., Appellant, *v.* Hyde.

*Execution—Feigned issue—Fraud—Evidence.*

1. On the trial of a feigned issue to determine the ownership of property levied upon by a creditor of the defendant in the execution, if the plaintiffs in the issue claim to have derived title from the defendant in the execution, the defendant in the issue is entitled to show all the circumstances of the transaction between the plaintiff and the defendant in the execution as a part of one scheme to defraud the creditors of the latter, and such evidence cannot be rejected merely because its production would reveal the source of the plaintiff's title to property other than that covered by the levy.

2. Upon the trial of an issue involving questions of fraud, great liberality should be allowed in the admission of evidence, that the jury may be able to determine from all the circumstances whether the transaction was fraudulent or not.

*Evidence—Witness—Cross-examination.*

3. Where the defendant has called and examined an unfriendly witness, the plaintiff will not be permitted to bring out his rebuttal in the cross-examination of the witness, unless the matter in rebuttal related to a subject upon which the witness was examined in chief.

*Appeals—Assignment of errors—Evidence.*

4. An assignment of error to the admission of evidence which does not incorporate the evidence admitted under the offer, does not conform to the rule.

Argued Dec. 8, 1908. Appeal, No. 230, Oct. T., 1907, by plaintiffs, from judgment of C. P. Schuylkill Co., Jan. T., 1903, No. 175, on verdict for defendant in case of Commonwealth ex rel. H. J. Baker and H. P. Baker, trading as Baker Brothers, v. Edward S. Hyde. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Feigned issue to determine title to property levied upon. Before MARR, J.

At the trial when Herbert Baker was on the stand, the following offer was made:

We propose to show by this witness on cross-examination that the transfer by E. H. Baker to his wife and from his wife

to these boys was a fraud upon the creditors, and if that were the case the purchases in the name of Baker Brothers of yarns which were levied upon showing that they were purchased by Baker Brothers before the levy, they would be the property of E. H. Baker, we contend, and not the property of Baker Brothers, and that is why we contend this examination is proper. The machinery is only incidentally inquired of for the purpose of questioning the title of Baker Brothers, not by this transaction for that preceded the time that they got the title from their mother.

The Court: The proposition here is, you claim title by virtue of purchase as it now stands from Mrs. E. H. Baker, and the contention of counsel for the defendant is that that purchase is not an honest purchase; the Baker Brothers are simply carrying on this business as a cover for E. H. Baker, their father. Now it is very difficult to limit the inquiry upon an examination of your witness as to the character of all the goods in this mill, as to the possession of all the goods, and as to the value of them and anything that may throw any light on this title. It is an attack on your title; that your title is a fraudulent title, and we think in a question of this kind the rule has been and is, as I understand it, to allow a great deal of latitude in the examination and cross-examination. They are attempting to show there is a fraud, but they cannot establish fraud by a five-minute examination or five-minute cross-examination, but that is not any reason why we should limit them to their cross-examination where they are attempting to show fraud.

Mr. Shepherd: What right have they got to bring in matters here that have no bearing upon this issue whatever?

The Court: I am not prepared to say they have not some. You set up the title and they are attacking that title. Why cannot they show what you allege is a good title is not a title at all, but simply a cover? We will admit the evidence and grant you an exception.

Plaintiffs except. Bill sealed. [1]

The defendant offered in evidence the bill of sale from E. H. Baker to George W. Gise, dated April 15, 1901.

"Know all men by these presents, that I, E. H. Baker, of

the Borough of Schuylkill Haven, County of Schuylkill, and State of Pennsylvania, in consideration of the sum of One Hundred ($100.00) Dollars, to me in hand paid by George W. Gise, of the same place, at, and before the ensealing and delivery thereof, do by these presents, grant, bargain, sell, release and confirm unto the said George W. Gise all and singular the goods and chattels, enumerated and mentioned in the schedule hereunto annexed, marked schedule of goods mentioned in the foregoing bill of sale, to have and to hold the said goods and chattels and every of them to, and for the use, ownership and behoof of the said George W. Gise, his executors, administrators and assigns, absolutely.

"Witness my hand and seal this 15th day of April, A. D. 1901. Signed, sealed and delivered in the presence of C. H. Goas.

"E. H. BAKER [SEAL.]

"Eleven body frame machines; 9 sleever machines; 1 fleecer machine; 1 fleecer machine (old); 6 union special finishing machines; 1 boiler and engine complete; 3 Wheeler and Wilson button hole machines; 3 Wheeler and Wilson button sewing machines; 5 Wheeler and Wilson tape machines; 4 crocheting machines (Merritt machines); 1 Murphy trimmer machine; 40 cases of yarn No. 10, No. 11, No. 12, and No. 20; 3,000 doz. goods finished and unfinished; 100 empty cases, new and old; one case sewing cotton, one case lace, one small case braid, one desk; and office chairs and fixtures, one 60 light dynamo.

"C. H. GOAS, J. P."

Mr. Shepherd: Objected to, because the parties in this suit are not connected with it in any way, and cannot affect the plaintiffs in this case.

Mr. Whalen: To be followed by the transfer from George W. Gise, to Deborah L. Baker.

Mr. Shepherd: If it is to be followed by that, it would be incompetent without showing knowledge of the plaintiffs of the transfer to Deborah L. Baker. If there is any fraud in it, they would have to connect the parties with it, to show their knowledge of it in the transaction. It is therefore incompetent and irrelevant for the purpose for which it is offered.

Mr. Whalen: This transfer already read is to be followed by the transfer of George W. Gise to Deborah L. Baker, for the same property, and to be followed by the deeds, transferring all the real estate owned by E. H. Baker to George W. Gise and by George W. Gise to Mrs. E. H. Baker, for the purpose of showing fraud in the transaction; to show the inadequacy of price, to be followed by other evidence than the parties themselves, to show the inadequacy of the price as bearing upon the fraudulent transfer of this paper to hinder and delay the creditors of E. H. Baker, and for the purpose of showing these sons were only acting as figureheads in the whole transaction, and that E. H. Baker is the sole and actual owner of all this property, real and personal.

Mr. Gise: The plaintiffs in this case object, first, that the testimony disclosed that the lease between Baker Brothers and Deborah L. Baker was made without any knowledge on the part of Baker Brothers of any fraud or fraudulent intent on the part of E. H. Baker to Deborah L. Baker, his wife; if there was any fraud or fraudulent intent between them and that under the testimony elicited upon direct cross-examination of Baker Brothers, they positively swore that they had no knowledge of any transfer of the real estate of E. H. Baker to his wife, until after the day of the lease to them; that they being innocent, bona fide lessees without knowledge of fraud between E. H. Baker and Deborah L. Baker they cannot be affected by the introduction or admission of the deeds of conveyance of the real estate and bill of sale of the personalty, which is intended to be included in this offer.

The Court: We will admit the evidence.

Plaintiffs except. Bill sealed. [2]

It is proposed to prove by the witness, E. H. Baker, that on or about April 11 and 12, in the month of April some time, 1901, he was the owner of certain shares of stock in the First National Bank of Schuylkill Haven, and that about that time he transferred these shares, he sold these shares, and to whom he sold them and for the purpose of inquiring what became of the money realized from the sale of this property in connection with the testimony already before the court; that it was

about that time he had transferred all his real estate and all his other personal property, which the defendant alleged was done for the purpose of defrauding his creditors or interfering with their collection of money then due by him to them.

Mr. Koch: The offer is objected to upon the ground it is not competent, relevant or material to the issue.  Second, it does not tend to show any mala fides on the part of the plaintiffs in this case.  Third, it is not proposed to show that the plaintiffs in this case had knowledge of the purposes of the witness on the stand, if his purposes were unlawful or fraudulent.

The Court: We will admit the evidence.

Plaintiffs except.  Bill sealed. [3]

"Q. When you were on the stand you were asked concerning the consideration in these papers, in the deed for the real estate, I believe it is $50.00, as I recollect it; in the bill of sale for the machinery in the mill it is $100.  Was that the full consideration for these transfers?  A. Yes, sir.  Q. Was there not anything that you owed your wife?  A. Yes, sir.  Q. Did you pay that to her?  A. In the transfers, yes."

Mr. Whalen: Objected to; not being a part of the consideration mentioned or referring to any in the papers themselves.

"Q. How much was the actual consideration.  The stated consideration is $150.  How much was the actual consideration?"

Mr. Whalen: Objected to.  It is not set forth or referred to in the papers.

The Court: The title to the real estate is not in controversy here.

Mr. Shepherd: It is in evidence here and it is going in evidence to affect this case to show the amount of this transfer by this man for the purpose of crying fraud, speaking of it continually. We want to show what the real consideration is.

The Court: To show the effect of the transfer of the property.

Mr. Shepherd: Transfer of the property with intent to defraud.

The Court: From husband to wife.

Mr. Shepherd: And the other is inadequacy of consideration. The consideration in a deed can always be explained.

Mr. Whalen: It seems to me that the testimony of the trans-

fer of this property; that at the introduction of the record of these deeds from Baker to his wife and to Mr. Gise and from Gise to Mrs. Baker and the consideration in the bill of sale was for the purpose of showing that in 1901, when Baker was indebted to Hyde, Mitchell & Company, that he had transferred all his property. We say for the purpose of defrauding his creditors. The consideration mentioned in the deeds and the bill of sale are the only considerations referred to in dollars and cents. There is no other valuable consideration referred to. It seems to me it is not fair and not right to add to these deeds and these papers that which was not part of them at the time, and not considered at the time.

The Court: If the title to any of the real estate or property is in controversy here I think counsel would have a right to explain the full consideration, but it is not in controversy. The only property that is in controversy here at all were some few wooden boxes, a safe, scales and a few chairs. It seems to me that it would be proper if you desire to show the value of that property which is in controversy as paid for was a fair consideration, but I do not see the necessity of going into the full consideration of the real estate or personal property which is not in controversy.

Mr. Shepherd: The witness is called for further cross-examination for the purpose of showing the real consideration for the transfer of the properties.

Mr. Koch: We call this witness for further cross-examination.

Mr. Shepherd: Plaintiffs have called him and examined him for the purpose of showing the real consideration for the transfers which have been offered in evidence by the defendants in this case. They having made an offer of those records and in their offer proposed showing that this transaction here is a fraud because of the inadequacy of the considerations in these transfers; one of the points made in their offer, and admitted for that purpose; one of the purposes for which it is admitted. We therefore ask to cross-examine this witness on the value of this property, the real consideration of the transfer of these properties.

The Court: The offering of those deeds and this bill of sale

was not to show the inadequacy of price, but was to show that Mr. Baker divested himself of all his property.

Mr. Whalen: We have put in evidence the papers made by the Bakers themselves. We have not added to them one iota. We have simply informed the court and jury what they contain. Is it right for them to say we rebut the evidence of our own acts by showing a different state of things?

Mr. Shepherd: It is not a rebuttal.

Mr. Whalen: What is it?

Mr. Shepherd: It is an explanation. We did not ask him to go on there to rebut; we ask for further cross-examination of the witness.

The Court: Was this witness asked anything about the consideration of those deeds?

Mr. Whalen: I did not ask him anything about it, I simply showed the consideration by these papers. I did not ask him anything about that because I avoided that.

The Court: I do not think this witness was asked a question as to the consideration of the deeds or the consideration of the bill of sale. How is it a cross-examination?

Mr. Whalen: Objected to. When this witness was upon the stand he was not asked anything in direct examination as to the consideration for the deed or the consideration in the bill of sale, and no inquiry was made of him as to the consideration of any kind of any transaction or sales or transfers, and therefore the question proposed is not a cross-examination and is incompetent and irrelevant.

Plaintiffs except. Bill sealed. [4]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*W. F. Shepherd*, with him *George W. Gise*, for appellants.— The evidence must be given that has a bearing upon the case at issue; and in some way or other affects it. In cases of this kind the property purchased by a party from another without knowledge of any fraud, even though fraud existed, will not

affect the title of the purchaser of the property: Jones v. Lewis, 148 Pa. 234; Sebring v. Brickley, 7 Pa. Superior Ct. 198.

A conveyance of land by an insolvent to a creditor in consideration of his debt is valid though the preference thus given has the intended effect of delaying other creditors: Covanhovan v. Hart, 21 Pa. 495; Uhler v. Maulfair, 23 Pa. 481; Lloyd v. Williams, 21 Pa. 327.

One who purchases bona fide, for a valuable consideration and without notice of the fraud, from a party to whom the property was transferred in fraud of the creditors of the original transferor takes a good title, whether the fraud be legal or actual: Shaw v. Levy, 17 S. & R. 99; Lee v. Byers, 2 Chester Co. Rep. 134; Mateer v. Hissim, 3 Penrose & Watts, 160.

*Wesley K. Woodbury*, with him *John F. Whalen*, for appellee.—The very heart of defendant's case was to show that H. J. Baker and H. P. Baker had no title to the property levied upon; that the transactions relative to the transfer of any property to them and the subsequent management of it, showed fraud all through the transactions, and, therefore, the rule as to the great latitude allowed in the admission of evidence in cases of fraud was properly observed in this case: Stauffer v. Young, 39 Pa. 455; Glessner v. Patterson, 164 Pa. 224; Schoeneman v. Weill, 3 Pa. Superior Ct. 119; Van Sciver Co. v. McPherson, 199 Pa. 331; Houseman v. Grossman, 177 Pa. 453.

OPINION BY RICE, P. J., April 19, 1909:

The first three assignments of error relate to the admission of evidence, the nature of which appears in the offers quoted in the assignments, and its relevancy is shown by the following extract from the opinion of the learned court below overruling plaintiffs' motion for a new trial: "Edward S. Hyde, defendant above named, on May 29, 1902, obtained a judgment against E. H. Baker for $2,454.30 for goods sold to him by the defendant, Edward S. Hyde, during the early part of the year 1901, and prior to the transfer of E. H. Baker of all his real estate and personal property to George W. Gise, an attorney, and by the attorney to Deborah L. Baker, wife of E. H. Baker, under whom the plaintiffs above named claim title. The evidence

further establishes that at the same time E. H. Baker was indebted to other parties in several thousand dollars and that judgments were subsequently obtained against him.    It further appears that Mr. Baker sold his bank stock for $3,100, and drew out of the bank $4,000 which the same day was credited to Baker Brothers, above named plaintiffs.  Subsequent to Mr. Hyde obtaining his judgment on May 29, 1902, an execution was issued against Mr. Baker, the father, a levy made upon some of the personal property, which formerly belonged to the father and which had been sold to Gise, the attorney, on April 15, 1901, and by him sold to Mrs. Baker, the wife of E. H. Baker and the mother of plaintiffs, who claimed the property in controversy.   Under the evidence, the execution creditor claimed that the transfer by E. H. Baker, of practically all his property, was done for the purpose of defrauding his creditors, and the sale of the goods in controversy, to the plaintiffs and then carrying on of the business, which had been carried on for years by their father was simply a cover for their father to enable him to defeat his creditors.   For this purpose the execution creditor put in evidence the bill of sale of the personal property, the deeds for the transfer of real estate, the sale of the bank stock, and the withdrawal of the $4,000, deposit of the father and the subsequent depositing of same to the credit of the sons, who are plaintiffs in this controversy, and followed these transfers by showing the value of the personal property and of the real estate."   In connection with his references to these transactions and to the evidence as to the actual value of the property as contrasted with the expressed consideration, the learned trial judge said in his charge: "The object of admitting that evidence was to show on the part of the plaintiffs (defendant) that this transfer of the property by the father to the wife and the transfer of the money in bank from the father to the sons' account was done for the purpose of defrauding creditors, several creditors, at least of the father, and for the purpose of satisfying you that the sons, who are the plaintiffs in this case, knew of this fraudulent transaction and were a party to it, and that the sons at the present time, or at the time of the levy, subsequent to April 11, 1901, were carrying

on this business simply as a cover for the father. In other words, that the business was really the father's business and not the sons' business, and that in my opinion is the vital question in this case." No part of the charge is assigned for error, and even if this part were, we would hold it to be a fair statement of the main question in the case, and as showing, without necessity for much argument, the relevancy thereto of the evidence now under consideration. In their affidavit in support of their claim, the plaintiffs alleged that they derived title to the property levied upon by sale from E. H. Baker. If so, it was competent for the defendant to show by all the circumstances that this transaction was part of one scheme to defraud the creditors of E. H. Baker. And, even if it be assumed that some of the property was acquired by the plaintiffs from other sources in the course of the business after they ostensibly took charge of it, it certainly was competent to show that the business was really the father's and not the sons'; and, as counsel for the appellee well say, in trying the title to the personal property levied on, the whole transaction had to be revealed in order to understand its different parts. "The rule that great latitude should be given in investigating questions of fraud is elementary: B. & O. R. R. Co. v. Hoge, 34 Pa. 214. It was said in Reinhard v. Keenbartz, 6 Watts, 93: 'Upon the trial of an issue involving questions of fraud, great liberality should be allowed in the admission of evidence, that the jury may be able to determine from all the circumstances whether the transaction was fraudulent or not.' In Stauffer v. Young, 39 Pa. 455, the reason of the rule was fully and clearly stated: 'The meaning of the maxim that great liberality of evidence is to be allowed in the trial of questions of fraud is that every circumstance in the condition and relation of the parties, and every act and declaration of the person charged with the fraud, shall be competent evidence, if in the opinion of the judicial mind it bears such a relation to the transaction under investigation as in its nature is calculated to persuade the jury that the allegation of fraud is or is not well founded:' FELL, J., in Glessner v. Patterson, 164 Pa. 224. We are of opinion that the evidence under consideration is within the rule and the reason

of it and was properly admitted.  The first three assignments are overruled.  We remark in addition, lest our omission to do so be misunderstood, that the first and third assignments do not conform to our rule, in that they do not incorporate the evidence admitted under the offers, and might be dismissed for that reason alone.

The appellant's counsel place greater reliance on the fourth assignment.  The question arose in this way: In the presentation of their case the defendant called E. H. Baker, who was evidently not a friendly witness, and examined him as to the fact of his having transferred his real estate and personal property—a fact otherwise proved and not in dispute—but not as to the consideration.  After the defendant rested, the plaintiffs recalled the witness for the purpose of showing the real consideration of the transfer.  As shown by the bill of exception quoted in the assignment, considerable discussion took place between court and counsel as to the relevancy of the testimony, but in the end, counsel for plaintiff stated that they did not call him in rebuttal but for cross-examination.  Then the objection was distinctly made that the proposed cross-examination did not relate to anything upon which he was examined in chief, and it is apparent that the court rejected the proposed cross-examination upon that ground.  In this there was no error.  The ruling, and it is the only ruling upon the examination or cross-examination of this witness that is assigned for error, did not preclude the plaintiffs from calling him in rebuttal and obtaining a ruling as to the relevancy of his testimony and assigning that for error, if it was against them.  While they did afterwards call him distinctly in rebuttal, they have assigned no ruling then made for error.  There were substantial reasons, growing out of the attitude of this witness towards the parties, why the defendant was justified in insisting that the plaintiffs' rebuttal should not be brought out in the cross-examination of the witness, unless it was strictly cross-examination.

Upon a full consideration of all the matters assigned for error we find no cause for reversal.

The judgment is affirmed.